MATILDA BERGERSON, Respondent, v. OLE MATTERN, as Administrator of the Estate of Carrie Mattern, Deceased, Appellant.

(170 N. W. 877.)

**Parent and child — services — implied contract.**

> Although the usual presumption is that services rendered by a child to its parent are gratuitous, in the absence of an express contract therefor, nevertheless, where the circumstances are exceptional and the character of the services rendered peculiar, a contract may be implied to pay for such services.

Opinion filed December 31, 1918.   Rehearing denied January 25, 1919.

Action for services.   From judgment entered and order denying judgment *non obstante,* District Court of Renville County, *K. E. Leighton,* J., defendant appeals.

---

NOTE.—Authorities passing on the question of implication of agreement to pay for services rendered by child to parent are collated in a note in 11 L.R.A.(N.S.) 873.

Affirmed.

*Sinkler & Bryans,* for appellant.

There can be no recovery for services rendered a parent in the absence of an expressed promise or contract. 18 Cyc. 412; 11 R. C. L. § 233, p. 208; 153 Mich. 206, 126 Am. St. Rep. 479; Zimmerman v. Zimmerman, 129 Pa. 229, 15 Am. St. Rep. 720; Taylor v. Thieman, 132 Wis. 38, 122 Am. St. Rep. 943; Williams v. Williams, 114 Wis. 79, 89 N. W. 835; Hodge v. Hodge, 11 L.R.A.(N.S.) 873, 91 Pac. 764; Allen v. Allen, 60 Mich. 635, 27 N. W. 702; Lynn v. Lynn, 29 Pa. 369; Fritchard v. Fritchard, 69 Wis. 373, 34 N. W. 506; Wessinger v. Roberts, 45 S. E. 169; 67 Cyc. 204; Seavey v. Seavey, 37 N. H. 125; Cummings v. Cummings, 8 Watts, 366; Cannon v. Windsor, 1 Houst. (Del.) 143; Dance v. Magruder, 26 Ky. L. Rep. 220, 80 S. W. 1120; Young's Estate, 148 Pa. 573, 24 Atl. 124; Enoch's Estate, 3 Phila. 147; Borum v. Bell, 132 Ala. 86, 31 So. 454; Walker v. Taylor, 28 Colo. 233, 64 Pac. 192; Harris v. McIntyre, 118 Ill. 275, 8 N. E. 182; Terry v. Warder, 25 Ky. L. Rep. 1486, 78 S. W. 154; Re Pfohl, 20 Misc. 627, 46 N. Y. Supp. 1086; Hinkele v. Sage, 67 Ohio St. 256, 65 N. E. 999; Endrus v. Fosten, 17 Vt. 556; Jackson v. Jackson, 96 Va. 165, 31 S. E. 78.

The presumption of law where services such as board and lodging are rendered to the immediate members of the claimant's family is that such were meant to be gratuitous. Harper v. Davis, 115 Md. 349, 80 Atl. 1012; Squire v. Root (Iowa) 50 N. W. 706; Disbrow v. Durand, 54 N. J. L. 343, 24 Atl. 545, 33 Am. St. Rep. 678, and note; Key v. Harris, 116 Tenn. 161, 92 S. W. 235, 8 Ann. Cas. and note 200; Seaman v. Jameson, 158 App. Div. 832, 144 N. Y. Supp. 209; Hyle v. Smith (Miss.) 74 So. 611; Beneke v. Beneke, 119 Minn. 441, 130 N. W. 689; Hardimans v. Crick, 133 Am. St. Rep. 248.

*Ryerson & Rodsater,* for respondent.

Where the family relationship exists and the services are of such a nature as to lead to a reasonable belief that it was the understanding of the parties that a pecuniary compensation should be made for them, the jury should find an implied promise and a *quantum meruit.* Guild v. Guild, 15 Pick. 129; Spring v. Julett, 104 Mass. 591; Thurston v. Perry, 130 Mass. 240; Re Bryant, 73 Vt. 240; Williams v. Barnes, 14 N. C. 93 (3 Dev. L.) 348; Saunders v. Saunders, 90 Me. 284;

Harshberger v. Stansberry, 20 W. Va. 23, 11 L.R.A.(N.S.) 874, et seq; McGarvey v. Roods, 35 N. W. 488; Marietta v. Marietta (Iowa) 57 N. W. 708; Mark v. Boardman (Ky.) 1 L.R.A.(N.S.) 819.

BRONSON, J. This is an action to recover for services rendered by the daughter to her mother during her last illness. In the trial court a verdict was returned by the jury for $1,750, and from the judgment entered thereupon and from the order of the trial court denying a motion for judgment *non obstante,* the defendant has appealed.

In substance, the record discloses the following facts: The plaintiff, a married woman, at her home for a period of two years and four months furnished her mother, who at the time of her death was aged eighty years, with exceptional nursing and care. The mother was paralyzed, practically helpless, did not respond to nature's calls, and needed the care and attention of an infant. She first came to live with her daughter in the year 1908; she remained there for some two years, and then went to South Dakota for some nine months, on a visit, thereafter returning to the home of the plaintiff in 1911, where she stayed until her death. On July 25, 1913, she became paralyzed, and for some two weeks until September 5, 1913, a nurse was secured for her. Thereafter, and until her death, she received the sole care and attention of her daughter.

The record amply discloses that the services performed were not only devoted and filial, but also burdensome, menial, and loathsome. The character of such services rendered showed high and efficient nursing. No express contract by the mother to pay for these services is shown. The evidence discloses the reasonable value thereof.

Although the usual presumption is that services rendered by a child to its parent are acts of kindness and gratuitous, and do not create by their rendition an implied promise to pay therefor, nevertheless, where the services rendered are so exceptional and peculiar, and the surrounding circumstances such as to lead to the reasonable belief of an understanding that pecuniary compensation should be made, a contract to pay therefor may be implied. Note in 11 L.R.A.(N.S.) 873, 879; 11 R. C. L. § 233; 18 Cyc. 412; 29 Cyc. 1620; Marietta v. Marietta, 90 Iowa, 201, 57 N. W. 708; Mark v. Boardman, 28 Ky. L. Rep. 455, 1 L.R.A.(N.S.) 819, 89 S. W. 481.

We are satisfied that the record presents evidence upon which an implied contract may so be found. The judgment of the trial court is affirmed.

GRACE, J., being disqualified, did not participate, Honorable W. L. NUESSLE, Judge of Sixth Judicial District, sitting in his stead.

ROBINSON, J. (concurring specially). In this case it appears that during two years and four months, commencing on September 5, 1913, Carrie Mattern, deceased, the mother of plaintiff, was paralyzed and unable to care for herself, and had to receive all the care of an infant until she died at the age of eighty years. During all of that time the plaintiff furnished her aged mother board, lodging, nursing, and the best of care, lifted her from the bed to a chair and from the chair to the bed, fed her like an infant, furnished her with clean diapers.

Most of the time when the mother was not able to sit up in a chair or to leave the bed, she received the greatest care, and, on an examination after her death, the doctor found on her body only one small sore and testified that her appearance showed great care. For such care and nursing the plaintiff presented a claim against the estate for $2,000, and the jury found a verdict for $1,750, on which judgment was rendered, and the administrator appeals.

There is no proof of an express contract to pay for the care and nursing, and it is contended that the law does not imply a contract. Of course the general rule is that a child is always welcome to the home of the parent and a parent to the home of the child, and for any ordinary care and hospitality neither one ever thinks of making a charge against the other; and in such a case the law does not imply a contract. Custom makes the law. Reason is the soul of the law, and when the reason of the law ceases, so does the law itself.

The services rendered by the plaintiff were menial, tiresome, sickening, loathsome, so that a regular nurse would have charged from $15 to $25 a day. Certain it is that the sum allowed the plaintiff was no just compensation for her services, and no person of a just mind and memory would think of receiving such services without compensation. Hence, it was proper for the jury to assume that the deceased promised to pay or intended to pay for the services, unless it appears that she

was void of mind and memory reduced to the state of an infant or an idiot. The claim is for absolute necessaries for which the estate of an infant or an idiot would be liable, regardless of any contract.

"A person entirely without understanding has no power to make a contract of any kind, but is liable for the reasonable value of things furnished to him necessary for his support." Comp. Laws, § 4343. Under this statute, if the deceased had no understanding, then her estate is liable for the necessaries furnished; if she had understanding, then the law presumes she agreed to pay for the necessaries what the same was reasonably worth. In either event, the verdict and judgment is just and righteous, and the same is commended and affirmed.