MARGARET KRAPP, Respondent, v. PAUL KRAPP, Executor of the Last Will and Estate of Johan Krapp, Deceased, Appellant.

(181 N. W. 950.)

**Executors and administrators — relationship held to negative ability of deceased to pay for board and lodging.**

In an action by plaintiff against her deceased father-in-law's estate to recover for board and lodging furnished to deceased, it is *held:*

1. In the absence of circumstances showing extraordinary services to the deceased, the presumption of gratuity arising from the relationship of the parties negatives liability upon an implied contract.

**Witnesses — plaintiff's husband may testify as to transaction between wife and deceased.**

2. Where the evidence tends to establish that the plaintiff's husband is not a co-owner with his wife of a claim against his father's estate for board and lodging supplied, and where he is not a party to the action, he is a competent witness to a transaction between his wife and the deceased.

Opinion filed March 4, 1921. Petition for rehearing denied March 26, 1921.

Appeal from District Court of Stutsman County, *J. A. Coffey, J.* Reversed and remanded.

*Aylmer & Aylmer,* for appellant.

"The law denies generally a claim filed against the executors. It was incumbent upon plaintiff to prove his claim." Hartje v. Bostelman (N. D.) 179 N. W. 91.

In support of the general principle that an express contract is necessary to enable relatives who are members of the same family with decedent to recover from his or her estate, see Barhite's Appeal, 126 Pa. St. 404, etc.; Re Young (Pa.) 24 Atl. 124; Sawyer v. Hebard (Vt.) 3 Atl. 529.

"Cases of this kind are odious, and are not favored by the court, because they afford opportunity for fraud against estates of deceased per-

NOTE.—The question of implication of agreement to pay for services rendered by relative or member of household is discussed in a note in 11 L.R.A. (N.S.) 873.

On competency as a witness of the husband or wife of a party to an action involving a decedent's estate, see note in L.R.A. 1917A, 2.

sons, and great temptation to perjury." Hinkle v. Sage (Ohio) 65 N. E. 999; Lynn v. Lynn, 29 Pa. 369; Williams v. Barnes, 14 N. D. 351; Heffrom v. Brown, 155 Ill. 322, 40 N. E. 583.

If there was a gift it amounted to an assignment of his rights, and the testimony is justly regarded by the law with scrutiny, and when the opposite party is executor, the assignor equally with assignee is excluded from testifying in some states. 1 Abbott, Trial Ev. 3d ed. p. 46 (94).

Where there is such an arrangement between husband and wife, it must be communicated to the parties to be bound and he must have understood it and acquiesced therein. Brackett's Estate (Mich.) 174 N. W. 121.

*Knauf & Knauf,* for respondent.

The plaintiff furnished the services and board, and should be paid for same. 18 Cyc. 413, 414.

The following sustain plaintiff's position in this case: Allen v. Allen, 74 S. W. 396; Shannon v. Carter, 72 S. W. 495.

BIRDZELL, J. This is an action to recover for board and lodging alleged to have been furnished by the plaintiff to the deceased. A statement of the account, which is made a part of the complaint, shows that board and lodging were furnished during divers periods of time between September 20, 1913, and May 10, 1918, for which the estate is sought to be charged at the rate of $30 per month and interest from the last-named date. Prior to September 30, 1913, the deceased had been living in Iowa. That fall the plaintiff, a daughter-in-law of the deceased, and her husband, or the latter alone, induced the deceased, Johan, to come to North Dakota. At that time Johan was about eighty-two or eighty-three years of age. From that time until his death, in the month of October, 1918, the deceased lived with the plaintiff and her husband approximately twenty months. There is no claim that the services rendered to Johan were of any special or peculiar character or that he was in any way disabled. The plaintiff, however, testified that he required more care than an ordinary person; that his room required as much care as a little child's room; that he smoked in his room, was not careful in his habits, and spat upon the floor. At the time of his decease Johan was staying with another son, Paul, who lived about half a mile distant from the plaintiff. About three weeks before he died,

Johan made a will leaving practically all of his property to Paul. It seems that the relations between Paul and John, plaintiff's husband, were somewhat strained before this and it appears that John did not visit his father during his last illness more than once, the plaintiff not at all, and that neither the plaintiff nor her husband attended the funeral. There had been some prior business relations between Johan and John, as a result of which the father took legal proceedings to collect a debt amounting to more than $3,500, and there was also some litigation between John and Paul which resulted in a judgment in favor of the former for $140. After Johan's decease, contest proceedings were entered to set aside the will. A settlement was later made as a result of which Paul paid agreed amounts to the other heirs, the plaintiff's husband John receiving a cashier's check dated August 1, 1919, for $800, which was indorsed as settlement in full for his claims against the estate of Johan Krapp. This suit was begun in January, 1920. From a judgment in the plaintiff's favor for the full amount of the claim with interest and costs, the defendant appeals. A number of errors are assigned but it will be unnecessary to consider more than one or two of them.

In charging the jury the court said:

"There are two kinds of contracts, an express contract and an implied contract. If the plaintiff agreed to furnish certain board and lodging for said Johan Krapp, without express terms having been agreed upon, if the same was furnished, then there would be an implied contract upon the part of the said Johan Krapp, to pay for the same what it was reasonably worth. If you find that there was an express contract or an implied contract upon the part of Johan Krapp, to pay for any lodging that was furnished, then the plaintiff would be entitled to recover for the same if she is the owner and holder of this claim, and if no part of the same has been paid. . . .

"You understand that the estate of Johan Krapp, deceased, is bound and obligated to any contracts or agreements, express or implied, that were entered into and made by him prior to his death."

The appellant predicates error on the court's action in charging the jury as above. We are of the opinion that the charge is erroneous and clearly prejudicial. It is a well-established rule that services of the character of those rendered in the instant case, when performed by one

member of a family for another, are presumed gratuitous. If gratuitous, it follows that the person rendering the services does not expect to charge therefor and that the person to whom they are rendered does not expect to pay. This negatives a contract relation. The presumption of gratuitous service which arises from the relationship of the parties must be overcome either by proof of an express contract or by proof of circumstances, such as the menial character of the services rendered, sufficiently strong to warrant an inference that compensation was intended. Bergerson v. Mattern, 41 N. D. 404, 170 N. W. 877. See also The Law of Quasi-Contracts, Woodward, § 51, and cases cited; note in 11 L.R.A.(N.S.) 873, 879; 11 R. C. L. 208; 18 Cyc. 412.

We are of the opinion that there were no facts shown in the instant case sufficient to overcome the presumption of gratuity and thus there is lacking any basis for liability upon an implied contract. Under this record, if the defendant is liable at all, he is liable because of an express contract. But, under the court's charge, if the jury had not believed the testimony going to establish the express contract, it would have been their duty nevertheless to have rendered a verdict for the plaintiff upon the implied contract, as they were told that an implied contract resulted from the furnishing of the board and lodging. For this error a new trial must be awarded.

The appellant asks, however, that this court order a dismissal of the case on the ground that it is impossible for the plaintiff to establish a liability. The argument is based upon the incompetency of the plaintiff and her husband as witnesses to any transaction with the deceased under § 7871, Comp. Laws 1913. The plaintiff is clearly incompetent under that section, but it does not follow that her husband is. Under the evidence presented here, we are of the opinion that a question of fact is presented as to whether the plaintiff is the sole owner of the claim in suit or a joint owner with her husband. If the latter, the husband is likewise incompetent. There is testimony to the effect that John Krapp disclaimed from the beginning all interest in the transaction and referred his father to Mrs. Krapp for the making of any arrangement concerning his board and lodging with the understanding that she was the sole person interested. If there was a parol contract between the plaintiff and Johan Krapp, if the plaintiff was the sole person interested therein upon one side, and if John Krapp heard the provisions of the

contract discussed between the plaintiff and Johan, he is a competent witness. But testimony of this character should be weighed with caution. See 9 Enc. Ev. 518.

It is obviously unnecessary to consider the other assignments of error. The judgment and order appealed from are reversed and the cause remanded for a new trial.

CHRISTIANSON and BRONSON, JJ., concur.

ROBINSON, Ch. J. (concurring in reversal and dissenting in part). The plaintiff sues to recover for board, lodging and care furnished her father-in-law for twenty months at $30 a month. The defense is that there was no express contract to pay and that by reason of the relation of the parties the law does not presume a contract. The presumptions of the law are presumed to be founded on reason, custom, and common sense. As said by the writer in a former case (41 N. D. 407, 170 N. W. 877): "Of course the general rule is that a child is always welcome to the home of the parent and a parent to the home of a child, nor for any ordinary care and hospitality neither one ever thinks of making a charge against the other, and in such a case the law does not imply a contract. Custom makes the law. Reason is the soul of the law, and when the reason of the law ceases, so does the law itself." If the deceased had lived with his daughter-in-law for a month or two that might well be considered a visit, but if the deceased was a person of considerable means and his daughter-in-law a person of small means (then it would not accord with custom that he, a well-to-do man of eighty-two years, should sit himself down and live on his daughter-in-law for twenty months without any pay. Hence from the relation of the parties, their ages, prior dealings, and associations the jury might well infer a contract to pay. The jury might well infer that the deceased intended and promised to do what was fair and honorable, and that he did not intend to impose on his daughter-in-law. A promise may be inferred from acts as well as from words. Under all the circumstances the question of a contract, either express or implied, should have been left to the jury. It was a question of fact, and not of law.

GRACE, J. (dissenting). The presumption referred to in the majority

opinion, with reference to a gratuity arising from the relationship of the parties, which may, in some cases, negative liability upon an implied contract, in the circumstances of this case, has no application.

The question of whether there was an implied contract, in the circumstances of this case, was a question of fact for the jury, and it decided in plaintiff's favor, thereby finding as a fact that, in the circumstances of this case, there was an implied contract.

There is substantial evidence to sustain the judgment. The judgment appealed from and order should be affirmed.

### On Petition for Rehearing, Filed March 26, 1921.

BIRDZELL, J. In a petition for rehearing counsel for the respondent seem to contend that the conclusion reached in the foregoing opinion enables the defendant to take advantage of his own error. It is pointed out that the plaintiff's testimony concerning the express contract was adduced by the defendant in cross-examining her. It follows from this, of course, that the defendant cannot claim that her testimony on this subject is incompetent. Counsel have clearly misconstrued the opinion. The judgment is not reversed because the defendants themselves drew from the plaintiff as a witness testimony which, under the statute (Comp. Laws 1913, § 7871), she was incompetent to give; but it was found necessary to reverse the judgment because of an erroneous instruction—an instruction which amounted practically to a direction to find a verdict for the plaintiff. While the defendant, by reason of the cross-examination, was no longer in a position to claim that the plaintiff was an incompetent witness to the express contract, it does not follow that the defendant was bound by the testimony so elicited. The credibility of this testimony was for the jury, who might or might not believe that there was an express contract. But the trial court instructed the jury that they could find for the plaintiff upon an implied contract and that they might imply this contract from the bare fact that board and lodging were furnished. It is this portion of the instruction that is held to be erroneous.

The petition for rehearing is denied.

CHRISTIANSON and BRONSON, JJ., concur.