MARGARET KRAPP, Respondent, v. PAUL KRAPP, Executor of the Last Will and Estate of Johan Krapp, Deceased, Appellant.

(186 N. W. 754.)

Executors and administrators — evidence held to sustain verdict for board of deceased father-in-law; presumption against agreement of parent to pay child for board held not applicable.

The plaintiff brings this action against the estate of her deceased father-in-law for six hundred twelve days board and lodging at $1 a day.

The jury found a verdict in favor of plaintiff on an express contract, and it is *held* that the verdict is well sustained by the evidence.

Opinion filed Jan. 30, 1922.

Appeal from the District court of Stutsman county; *Coffey, J.*

Affirmed.

*A. W. Aylmer* and *A. L. Aylmer,* for appellant.

Defendant contends that the statements of plaintiff (as to the times the old man stayed at her place, being the times for which plaintiff is making this claim against the old man's estate) come within the definition of a "transaction with the deceased," and were therefor incompetent and prejudicial.   Sheldon v. Thornburg, 133 N. W. 1076 (Iowa) ; Wetmore v. Thurman, 141 N. W. 482; Druey v. Baldwin, 172 N. W. 663, (N. D.) ; 7871-1913 N. D. Code; Druey v. Baldwin, 172 N. W. 663 (N. D.) ; Regan v. Jones, 105 N. W. 614 (N. D.) ; First Nat'l Bank v. Hilleboe, 114 N. W. 1086 (N. D.) ; Cardiff v. Marquis, 114 N. W. 1088 N. D.

Plaintiff can testify that the book is her account book, but cannot testify that the items are correct, or explain them.   40 Cyc. 2326 (39) ; 40 Cyc. 2326 (40) ; Dyer v. Minturn 189 Pac. (1046) ; Coburn v. Parrett 150 Pac. (786).

"So long as the chances are equal that it may have had some effect one way or the other, the party excepting is entitled to the principal that irrelevant testimony should be shut out from the jury.   Jones on Evidence, Vol. 5, § 897, (63) ; Jones Vol. 5, § 895 note (42) ; 32 N. D. 263 (272) 155 N. W. 78.

*Knauf* and *Knauf* for respondent.

ROBINSON, J.   This is a second appeal from a verdict and judgment against the defendant for 612 days' board and lodging at $1 a day. The board was furnished to Johan Krapp, deceased, the father-in-law of the plaintiff, and the defense is that because of the relationship the deceased should have been given free board, unless he expressly promised to pay for it.   The first verdict and judgment was set aside and a new

trial granted, because the court had told the jury that an implied contract resulted from furnishing board and lodging. Krapp v. Krapp, 181 N. W. 951. This court correctly held that as between relations an implied contract does not arise from common hospitalities in furnishing board and lodging. The presumptions of law are presumed to be founded on reason and common sense. The general rule is that a child is always welcome to the home of the parent and a parent to the home of a child, and in such cases the law does not imply a contract to pay. Custom makes the rules of law and the presumptions, and, when the reason of the rule ceases, so does the rule itself. This court has held that the reason of the rule ceases in the case of board and lodging of a menial character. Bergerson v. Mattern, 41 N. D. 404, 170 N. W. 877. And so the reason of the rule ceases when it appears that the ties of affection no longer exist and when, as in this case, it appears that the "old man" is rich and his children poor, when the "old man" sues his son, and makes him pay interest on money loaned, and treats him as a stranger, and when the "old man" dies, leaving $15,000 to one son and only $5 to the son who is the husband of the plaintiff. When a father treats his son in that manner, the law does not presume that the son or son's wife will give him free board, lodging, and washing.

The evidence clearly shows that the parties lived and treated each other as strangers, and on that showing the rules of law are the same as those which pertain to strangers. Hence, on the evidence given at the second trial, the plaintiff was entitled to recover on an implied promise; but that is of little consequence, because the jury was instructed that the plaintiff can only recover on an express contract to pay for the board and lodging, and the evidence does well sustain an express contract. J. L. Krapp testifies that the deceased said he would pay his board. He said he had paid $1 a day in Iowa, and that he would pay her (the plaintiff) $1 a day, and she agreed to that. That was about 10 days after he commenced boarding, and of course the agreement applied to the past as well as the present. And so Regina Krapp testified that at several times he spoke of paying his board. He said that, when his son paid him in full, he would pay his board money; and so he told the hired man that he was paying his board.

It is vain to urge that the express contract applied only to the first nine months. When a contract to pay for board and lodging is proven, the presumption is that it continues as long as the boarding continues.

The interruption of a few days, or a month, is of no consequence. The evidence does well sustain the express contract, as well as an implied contract. The defendant had no right to compel the plaintiff to elect between such contracts. But he cannot complain of a decision which was made on his own motion, and it was altogether in his favor. In actions of this kind the plaintiff may be entitled to recover on an express contract, and also on an implied contract, or on either one, as proven by the evidence. In such a case it would be a strange and bungling practice for a party to sue on an express contract, and then, in case of defeat, to bring a second action on an implied contract, to be met with the objection that the first action was a bar to the second. The defendant has had a fair trial, and the verdict is well sustained by the evidence.

Affirmed.

GRACE, C. J. (specially concurring). This is a second appeal from a verdict and judgment in plaintiff's favor for the sum of $612. The first case is reported in 181 N. W. 951. There all the members of the court, except myself, agreed to a reversal of the judgment appealed from. I dissented and contended that the judgment should be affirmed. The case was remanded and retried, and a second verdict in the same amount returned in plaintiff's favor, and judgment entered accordingly. An appeal from the second judgment was taken to this court; all the members of the court, who in the former case declined to affirm the judgment in that case for the reasons stated in their opinion, are now agreed that the second judgment should be affirmed. I agree that it should be affirmed, for the same reasons stated in my dissenting opinion in the former appeal, and for further reasons which inhere in this appeal, not necessary here to discuss or further mention.

CHRISTIANSON, J. I concur in an affirmance of the judgment for the reasons stated in the syllabus. I express no opinion on the procedural questions discussed by Mr. Justice Robinson. Neither do I express any opinion as to whether in event an express contract had not been proven, the facts and circumstances would have warranted the jury in finding that there was an implied contract to pay for board and lodging. Those questions are not here. The complaint alleged, and the jury found, that

there was an express contract, and there is ample evidence to sustain the finding of the jury.

BRONSON and BIRDZELL, JJ., concur.