**TOM BEUCHLER CONSTRUCTION, INC., Plaintiff and Appellant,**

v.

**CITY OF WILLISTON, a municipal corporation, Defendant and Appellee,**

and

**Eugene W. KNUTSON, Defendant, Third Party Plaintiff, and Appellee,**

v.

**CITY OF WILLISTON, a municipal corporation, and Tom Beuchler, individually, Third Party Defendants.**

Civ. No. 11140.

Supreme Court of North Dakota.

Aug. 20, 1986.

McGee, Hankla, Backes & Wheeler, Minot, for plaintiff and appellant; argued by Russel G. Robinson.

MacMaster & Bonner, Williston, for defendant and appellee; argued by Margaret Bonner.

Farhart, Lian, Maxson, Howard & Sorensen, Minot, for defendant, third party plaintiff, and appellee. No appearance.

GIERKE, Justice.

Tom Beuchler Construction, Inc., appeals from a district court judgment dismissing its complaint against the City of Williston. We reverse and remand.

On September 1, 1981, Eugene Knutson leased four lots adjacent to the Sloulin International Airport from the City of Williston. Knutson planned to build a hangar

and office complex on the lots to house his flying service. Knutson signed a lease with the City which contained the following restrictive covenant:

> "*Height Restrictions:* The Airport authority reserves the right to restrict development above a specified height, on the leased premises. Tenant, upon request made to City, shall be furnished with the requisite maximum height. Tenant shall have no development above 1930 feet MSL elevation."

On October 29, 1981, Beuchler and Knutson entered into a contract for the construction of the hangar and office complex. In December 1981, Beuchler applied for a building permit with the Williston Building Inspector, George Hughes. Hughes gave Beuchler approval to proceed with the footings and cement work for the complex before the winter freeze; however, he instructed Beuchler not to erect the building until the final plans and specifications for the building were approved. The final plans and specifications were approved in February and a permit was issued. Beuchler completed a substantial portion of the building by March 1982.

In March 1982, the City informed Knutson and Beuchler that the height of the building was 1940 MSL or approximately 10 feet higher than permitted by Knutson's lease with the City. Negotiations to resolve the problem failed, and the City ordered Beuchler to remove the building. Beuchler removed the building and thereafter commenced the instant action against Knutson alleging a breach of the construction contract and for damages incurred in removing the building and against Williston alleging that it negligently issued the building permit.

After a hearing on January 3 and 4, 1984, the trial court made a tentative finding that Williston was liable to Beuchler for damages because its building inspector negligently issued the building permit. However, the trial court indicated that it

"wasn't satisfied with the state of the record" and, on its own initiative, ordered a supplemental hearing. After the supplemental hearing, the trial court concluded that the building inspector had no duty to check the restrictive covenant in Williston's lease with Knutson and therefore was not negligent. Judgment was entered dismissing Beuchler's action against Williston, and Beuchler appealed.[1]

Beuchler contends that the trial court erred in taking further evidence at the supplemental hearing. Both parties have labeled the trial court's decision to have a supplemental hearing as a new trial pursuant to Rule 59(i), N.D.R.Civ.P., which permits the court to order a new trial on its own initiative for the same reasons for which it may grant a new trial on motion of a party. Whether the trial court's decision is denominated as a new trial, a reopening of the case, or a continuance, that decision rests within the trial court's discretion and will not be set aside on appeal absent an abuse of discretion. *Brodersen v. Brodersen*, 374 N.W.2d 76 (N.D.1985); *First National Bank of Fargo v. Ketcham*, 336 N.W.2d 140 (N.D.1983); *Foerster v. Fischbach-Moore, Inc.*, 178 N.W.2d 258 (N.D. 1970). A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *Wall v. Pennsylvania Life Insurance Co.*, 274 N.W.2d 208 (N.D.1979). After a careful review of the record, we conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably in taking additional evidence and therefore did not abuse its discretion.

Beuchler also contends that the trial court erred in finding that the building inspector for the City was not negligent in issuing Beuchler the building permit. Beuchler asserts that the trial court erred in determining that Hughes had no duty to check and enforce the restrictive covenants of the lease between Knutson and the City of Williston. The City of Williston coun-

---

1. Beuchler prevailed in its action against Knutson. Although Knutson has not appealed from the judgment, he has filed a letter with this Court indicating that he supports Beuchler's position on appeal.

ters that the trial court correctly determined that the duties of its building inspector did not include checking restrictive covenants in its leases.

■ Whether a duty exists in a negligence action is a question of law. *Barsness v. General Diesel & Equipment Co., Inc.*, 383 N.W.2d 840 (N.D.1986). Generally, the duty of care in negligence actions is to exercise reasonable care under the circumstances. *Day v. General Motors Corp.*, 345 N.W.2d 349 (N.D.1984); *Van Ornum v. Otter Tail Power Co.*, 210 N.W.2d 188 (N.D.1973). Reasonable care under the circumstances necessarily includes any specialized knowledge, facts, or skill on the part of the one charged with a duty. *See Van Ornum v. Otter Tail Power Co., supra* [Architect must exercise ordinary skill of profession in designing a building]. The custom or practice is not necessarily the standard of care to be employed in a negligence action, but may be evidence of whether conduct meets the standard of reasonable care under the circumstances. *See Schmitt v. Northern Improvement Co.*, 115 N.W.2d 713 (N.D. 1962).

The trial court made the following findings and conclusions:

"XXV.

"At the time the City issued its building permit the Uniform Building Code was the criteria for the building inspector's duties in the City of Williston.

"XXVI.

"There was no duty upon the Williston building inspector to check restrictive covenants in the City's lease.

\*  \*  \*  \*  \*  \*

"I.

"Since the building inspector had no duty to check restrictive covenants in the City's lease, the City was not negligent in the issuing of the building permit."

■ The trial court's memorandum decision may be used to obtain a clearer under-standing of its formal findings of fact and conclusions of law, *Beneficial Finance Co. of Jamestown v. Lawrence*, 301 N.W.2d 114 (N.D.1981), and provides, in relevant part:

"I. WAS GEORGE HUGHES, THE FORMER BUILDING INSPECTOR FOR THE CITY OF WILLISTON, NEGLIGENT?

"It is alleged that negligence of the Williston building inspector (Mr. Hughes) was the proximate cause of damages to Beuchler and Knutson. The Uniform Building Code which was the criteria for the building inspector's duties and which was enforced at the time in question states that the building inspector is directed to enforce all the provisions of the Code. See Exhibit 26, Uniform Building Code, Chapter 2, Section 202(a). The interpretation of current inspectors of the cities of Williston and Minot is that there is no duty upon the building inspector to check restrictive covenants of leases.... In this case, at all times George Hughes was enforcing the Uniform Building Code which does not provide for ascertaining restrictive covenants in leases. There is no evidence in this case that the scope of Mr. Hughes' agency was expanded by either the principal or by the actual acts of the agent. N.D.C.C. 3–02–05, 3–02–04. In a recent deposition, the current building inspector for the City of Williston said that his office now checks leases given by the City for restrictive covenants. However, there is no evidence to indicate at the time in question such acts were required or performed. I therefore find that the City of Williston was not negligent in the issuing of the building permit."

■ These findings reflect that the trial court's determination of the duty owed by the building inspector to Beuchler was limited to ensuring that the building complied with the Uniform Building Code. We believe that a building inspector's duty is not limited solely to ensuring compliance with the Uniform Building Code but comports with the general principles of negligence to

exercise reasonable care under the circumstances in issuing a building permit. *J & B Development Co. Inc., v. King County,* 100 Wash.2d 299, 669 P.2d 468 (1983).

We conclude that the trial court erred in limiting the building inspector's standard of care solely to ensuring compliance with the Uniform Building Code, and we reverse and remand for findings under the appropriate standard of care.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.