**Douglas A. CARLSON, Plaintiff and Appellant,**

v.

**Mary J. CARLSON, Mary J. Carlson as Personal Representative, Estate of Rose Hellman, Deceased, any and all others having title or interest in Estate of Rose Hellman, Defendants and Appellees.**

**Civ. No. 910028.**

Supreme Court of North Dakota.

June 25, 1991.

Douglas A. Carlson, pro se.

Schwartz Law Firm, Hebron, for defendants and appellees; argued by Ronald Schwartz.

ERICKSTAD, Chief Justice.

Douglas A. Carlson (Douglas) appeals from a judgment of the County Court for Dunn County, Southwest Judicial District, dated January 25, 1991, dismissing his claim against Mary J. Carlson (Mary) as the personal representative of the Estate of Rose Hellman.[1] We affirm.

Douglas filed a claim in county court against Rose Hellman's estate on March 2, 1990, for alleged services he provided to Hellman from May 1, 1981, to October 1, 1986. *See,* § 30.1–19–04(1), N.D.C.C. All of the alleged services related to the operation of Hellman's farm. Mary did not raise the affirmative defense of the statute of limitations. Mary, acting as the personal representative of the Hellman estate, denied the claim on March 19, 1990.

On March 27, 1990, Douglas filed interrogatories and a request for the production of documents. Subsequently, on May 8, 1990, Douglas filed a "petition for allowance" of a claim against the Hellman estate in the County Court for Dunn County. *See,* § 30.1–19–06(1), N.D.C.C. Mary has not challenged the timeliness of Douglas' utilization of discovery procedure prior to the initiation of the "petition for allowance" of a claim.

Mary did not respond to the interrogatories. On June 11, 1990, Douglas filed a motion to compel answers and production of documents. Mary resisted the motion in part on the basis of relevancy. The county court denied the motion on July 18, 1990.

A hearing to determine whether or not Douglas' "petition for allowance" should be granted was held on August 30, 1990. Prior to the issuance of a judgment, Douglas served additional interrogatories upon Mary, and, on the same day, filed a motion to compel Mary to comply with his requested discovery. Douglas' second motion to compel was not acted upon by the county court. The county court issued its memorandum opinion on January 10, 1991, and final judgment dismissing Douglas' "petition for allowance" was entered on January 25, 1991.

Douglas asserts three issues on appeal: 1) the court erred in denying his pre-hearing discovery; 2) the court erred by failing to act on his second motion to compel discovery; and 3) the court erred in applying a presumption that services between a son-in-law [Douglas] and a parent-in-law [Rose] were gratuitous.

Douglas' first assertion is that the county court erred in denying his pre-hearing motion to compel Mary to answer interrogatories and requests for production of documents. As noted above, Mary has not challenged the timing of the discovery proceeding even though it was commenced prior to initiation of the "petition for allowance" of his claim. The county court denied the motion on the basis that the interrogatories were "premature."

Having reviewed the record, we believe that the county court's reference to "premature" was not intended to infer procedural untimeliness, but instead, was intended, in light of the nature of the questions asked, to mean that the questions were not relevant to establishing a claim against the estate, but were more pertinent to possible collection if a claim were approved.

A trial court has broad discretion in regard to the scope of discovery, and its decision regarding a motion to compel discovery will not be disturbed on appeal unless the trial court has abused its discretion. *Gowin v. Hazen Memorial Hosp. Ass'n.,* 349 N.W.2d 4, 8 (N.D.1984). An abuse of discretion is present when the trial court has acted in an unreasonable, arbitrary, or unconscionable manner. *E.g., Butz v. Werner,* 438 N.W.2d 509, 518 (N.D.1989). We have previously said that

1. Carlson's notice of appeal is actually from the January 16, 1991, memorandum opinion and order for judgment. However, we have previously allowed appeals under similar circumstances. *E.g., Olson v. Job Service of North Dakota,* 379 N.W.2d 285 (N.D.1985).

the pretrial discovery of a defendant's financial condition is generally not available to a plaintiff who is seeking recovery of only compensatory damages. *Gowin,* 349 N.W.2d at 8.

Prior to the hearing, Douglas served thirty-eight interrogatories including requests for production of documents upon Mary. A vast majority of the questions were directed at determining the financial condition of both Mary and the Hellman estate. The small number of remaining interrogatories were either irrelevant to the pending action, unclear, or so broad in scope as to be unanswerable by Mary. Upon reviewing the interrogatories submitted by Douglas prior to the hearing, we are convinced that the county court did not act unreasonably, arbitrarily, or unconscionably in its decision denying Douglas' motion to compel Mary to comply with his requested discovery.

Douglas' second assertion on appeal is that the county court erred by failing to act on his second motion to compel Mary to comply with his requested discovery. The second motion to compel was served after the hearing, but before the county court had entered its judgment. The second motion to compel was served simultaneously with the second set of interrogatories.

■ We have said that the decision to allow further evidence after the close of a trial or hearing is within the sound discretion of the trial court. *E.g., Brodersen v. Brodersen,* 374 N.W.2d 76, 79 (N.D.1985). Therefore, a trial court's decision concerning post-trial evidence will not be disturbed on appeal unless the trial court has abused its discretion by acting in an unreasonable, arbitrary, or unconscionable manner. *Tom Beuchler Const. v. City of Williston,* 392 N.W.2d 403, 404 (N.D.1986). This is true whether or not the trial court's decision is characterized as a new trial, continuance, or reopening of the case. *Id.*

■ Unless Mary's answers could have been utilized as evidence, the failure to produce them could not be prejudicial to Douglas. Because there is no significant difference between the second set of interrogatories and the first set, we conclude that the county court did not act in an unreasonable, arbitrary, or unconscionable manner in declining to rule on the second motion to compel answers and for requests for production of documents.

■ Douglas' third assertion is that the county court erred in applying a presumption that the services between Douglas and his mother-in-law, Rose, were gratuitous. We have previously noted that a number of jurisdictions have held that the presumption of gratuity arises only between members of the same household. *Estate of Raketti,* 340 N.W.2d 894, n. 4 (N.D.1983). This is particularly true where the relationship is one of parent-in-law and son-in-law or daughter-in-law. *E.g., In re Estate of Beecham,* 378 N.W.2d 800, n. 2 (Minn. 1985). *Accord, Krapp v. Krapp,* 47 N.D. 308, 181 N.W. 950 (1921). *See generally* Annot., Recovery For Services to Relative § 37 (1949). In the instant case, the parties were not living in the same household at the time the services were performed. However, we decline to decide whether or not the county court erred in applying the presumption that the services were rendered gratuitously because we are convinced that, even if we assume Douglas is correct in his assertion that the presumption should not have been applied, Douglas failed to establish a basis for recovery.

Douglas did not testify during the hearing. The county court made the following findings and conclusions from the testimony that was provided:

*"Finding & Conclusions*

From all of the evidence I find and conclude as follows:

\* \* \* \* \* \*

2) That at all times material to his claim the decedent's farm was rented to neighbors whose responsibilities included tillage, care and maintenance of the leasehold,

3) That petitioner and his former wife received from decedent some several thousand dollars which may have been

gifts, compensation for petitioner's services, or a combination of both,

4) That the services rendered by petitioner were in no way extraordinary or vital to sustaining decedent's farming operation,

5) That the services rendered by petitioner were more in the nature of recreational or hobby activities for the petitioner who was after all employed fulltime as the Sheriff of Dunn County,

\* \* \* \* \* \*

7) That petitioner has failed to establish the existence of an expressed [sic] contract,

8) That petitioner has failed to establish the existence of an implied-in-law contract,

9) That petitioner has failed to establish the value of services rendered even if an implied-in-law contract could be found which it cannot."

The determination of whether or not Rose Hellman was unjustly enriched by the services Douglas alleges he performed is necessarily a question of law. *Matter of Zent*, 459 N.W.2d 795, 798 (N.D.1990). The county court's conclusion that no unjust enrichment has occurred and that Douglas failed to establish the existence of an implied-in-law contract is therefore fully reviewable on appeal. *Id.* The findings of fact provided by the county court to support its legal conclusions are subject to the clearly erroneous standard of review provided by Rule 52(a) of the North Dakota Rules of Civil Procedure. *Id.* A finding of fact is clearly erroneous only when we are left with a definite and firm conviction that a mistake has been made. *Id.*

Having reviewed the record, we are not left with a definite and firm conviction that a mistake was made as to any of the factual findings. If the county court committed no error in its crucial findings of fact, its disposition of the case cannot be affected by the possibility of an error in the law as it relates to the presumption of gratuitous services by a son-in-law for a parent-in-law. As noted earlier, Douglas did not testify at the hearing. Although other testimony at the hearing indicated Douglas performed some services at the farm, Douglas failed to show that the services were requested by Rose Hellman, or were even beneficial to her in light of the evidence that the farm was being rented to a third party who was responsible for its care and maintenance. Douglas did not submit any evidence of the value of his services during the hearing.

From the foregoing and the record, we conclude that Douglas has failed to establish any basis for recovery. Therefore, even if we assume, for discussion purposes only, that the county court erred in applying the presumption that Douglas' services were gratuitous, Douglas cannot prevail. The error, if any, was harmless under Rule 61 of the North Dakota Rules of Civil Procedure.

For the reasons stated above, the decision to deny the claim is affirmed.

GIERKE, VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, J., concurs in the result.