Randall **MYERS**; Debora Myers; David Jenks; Jan Jenks; Gregory Lynnes; Eva Lynnes; Edgar Mojica; Kim Mojica; Laurel Nundahl, Plaintiffs–Appellants,

v.

**MOORE ENGINEERING, INC.;** City of West Fargo, Defendants–Appellees.

No. 93–3707.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1994.

Decided Dec. 6, 1994.

---

David C. Thompson, Fargo, N.D., argued (Dale J. Craft, on the brief), for appellant.

Paul J. Oppegard, Moorhead, MN, argued, for appellee.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Appellants are owners of structurally defective townhouses in the Wyngate Estates in West Fargo, North Dakota. The issue on appeal is whether the City of West Fargo is liable to appellants for negligent enforcement of the City's building code. Applying North Dakota law, the district court [1] granted summary judgment to the City and its building inspection contractor, Moore Engineering, Inc. (hereafter collectively referred to as "the City"), concluding that the City in inspecting buildings and issuing building permits does not owe a duty to appellants, as members of the general public. We affirm.

## I.

The townhouses were built between 1980 and 1982. The City inspected the buildings during construction and issued building permits. Appellants purchased their units after completion. When appellants discovered serious latent defects, they commenced this negligence action in state court against the owners, architect, contractors, and mortgage lenders responsible for the townhouse development, the real estate companies that sold the units, the City, and various individuals. Appellants alleged that the City negligently failed to discover the defects in reviewing submitted plans and inspecting the buildings during construction.

The City promptly moved for summary judgment. The state court denied that motion on the ground that issuing building permits and enforcing the building code are nondiscretionary acts for which the City may be liable under *Tom Beuchler Constr., Inc. v. City of Williston*, 392 N.W.2d 403 (N.D. 1986). Before the case could be tried, Reso-

lution Trust Corporation was appointed receiver for an insolvent lender-defendant, First Federal Savings of Fargo, and removed the case to federal court. *See* 12 U.S.C. § 1441a(*l*)(1); 28 U.S.C. § 1441(a).

After removal, the City again moved for summary judgment, arguing that the state court had applied *Beuchler* too broadly. The district court granted the City summary judgment, concluding that *Beuchler* is factually distinguishable from this case. Five months later, appellants settled with RTC on the eve of trial and moved to remand the case to state court. *See* 28 U.S.C. § 1441(c). When the district court denied that motion, appellants dismissed all other claims. They now appeal only the order granting summary judgment in favor of the City.

## II.

■■■ Appellants raise two procedural issues on appeal that require little discussion. First, they argue that the district court abused its discretion in denying their motion to remand after RTC, the only federal defendant, was dismissed from the case. This motion was filed fourteen months after removal, at a time when the district court had completed discovery and the case was ready for trial. Remand under the 1990 amendment to 28 U.S.C. § 1441(c) is governed by principles of pendent jurisdiction. *See* 1A James W. Moore et al., *Moore's Federal Practice* ¶ 0.163[2], at 312 (2d ed. 1993). Applying those principles, the district court did not abuse its discretion in denying appellants' motion to remand. *See Gilbert/Robinson, Inc. v. Carrie Beverage–Mo., Inc.*, 989 F.2d 985, 993 (8th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 338, 126 L.Ed.2d 282 (1993).

■■■ Second, appellants argue that the district court erred in refusing to follow the state trial court's earlier denial of summary judgment in favor of the City. This contention borders on the frivolous. Following removal, "federal rather than state law governs

---

1. The HONORABLE RODNEY S. WEBB, Chief Judge of the United States District Court for the District of North Dakota.

the future course of proceedings, notwithstanding state court orders issued prior to removal." *Metro N. State Bank v. Gaskin*, 34 F.3d 589, 592 (8th Cir.1994). In federal court, the denial of summary judgment is an interlocutory order that may be reconsidered at any time. *Core v. Southwestern Bell Tel. Co.*, 673 F.Supp. 974, 978–79 (W.D.Ark.1987), *aff'd*, 847 F.2d 497 (8th Cir.1988).

### III.

We turn now to the merits of appellants' claim against the City. North Dakota holds political subdivisions liable for injuries proximately caused by the negligence of an agent under circumstances where the agent "would be personally liable to a claimant in accordance with the laws of this state." N.D.Cent.Code § 32–12.1–03; *see Kitto v. Minot Park Dist.*, 224 N.W.2d 795, 797 (N.D. 1974). Under general North Dakota negligence law, plaintiff must show "a duty or obligation on the part of one to protect another from injury, the failure to discharge that duty, and the resulting injury to the other proximately caused by the breach of duty." *Carlson Homes, Inc. v. Messmer*, 307 N.W.2d 564 (N.D.1981). This case involves a claim that the City breached a duty to appellants to enforce its building code and to issue building permits in a non-negligent manner.

The City obviously inspects buildings under construction and issues building permits for the purpose of protecting the safety and economic welfare of its citizens. In this sense, the City in adopting and enforcing a building code has created and defined a general duty to everyone in the community. In addition, North Dakota has abrogated the traditional municipal immunity from tort liability. Thus, the question here is whether the City becomes liable to any member of the public for any injury proximately caused by the negligent performance of this public duty that the City has voluntarily undertaken.

Many state courts have struggled with this question. Most—but not all—have held that, for reasons of public policy, municipal tort liability should not be extended so broadly. The principle that has typically evolved is that a municipality is not liable to the general public for negligent breach of this type of public duty, but is liable if it has breached a special relationship or duty to a particular plaintiff. *See generally* Annot., 38 A.L.R.4th 1194 (1985 & Supp. 1994). North Dakota's neighboring States of Minnesota and South Dakota have adopted this principle:

> Building codes, the issuance of building permits, and building inspections are devices used by municipalities to make sure that construction within the corporate limits of the municipality meets the standards established. As such, they are designed to protect the public and are not meant to be an insurance policy by which the municipality guarantees that each building is built in compliance with the building codes and zoning codes. The charge for building permits is to offset expenses incurred by the city in promoting this public interest and is in no way an insurance premium which makes the city liable for each item of defective construction in the premises.

*Hoffert v. Owatonna Inn Towne Motel, Inc.*, 293 Minn. 220, 199 N.W.2d 158, 160 (1972), quoted in *Hagen v. City of Sioux Falls*, 464 N.W.2d 396, 398 (S.D.1990).

The Supreme Court of North Dakota had not discussed this broad issue, but it dealt with a facet of the problem in *Tom Beuchler Constr., Inc. v. City of Williston*, 392 N.W.2d 403 (N.D.1986). In *Beuchler*, the city leased land to a lessee who intended to build a hangar and office complex for his flying service. Because the property was adjacent to an airport, the lease contained height restrictions on any development. Beuchler, the lessee's contractor for the project, was unaware of these restrictions. The city's building inspector approved Beuchler's final plans and specifications and issued a building permit. After Beuchler had substantially completed the project, the city advised him that the building violated the lease's height restriction and ordered its removal. Beuchler sued the city for negligent issuance of the building permit.

After an evidentiary hearing, the trial court dismissed Beuchler's complaint on the ground that the duties of a building inspector did not include checking the restrictive cove-

nant in the city's lease. The Supreme Court of North Dakota reversed, stating broadly:

> We believe that a building inspector's duty is not limited solely to ensuring compliance with the Uniform Building Code but comports with the general principles of negligence to exercise reasonable care under the circumstances in issuing a building permit. *J & B Development Co. Inc. v. King County,* 100 Wash.2d 299, 669 P.2d 468 (1983).

392 N.W.2d at 405–06. On remand, the city was held liable for damages. The Supreme Court affirmed the judgment in Beuchler's favor without further consideration of this issue, other than to observe "that the doctrine of law of the case is applicable." *Tom Beuchler Constr., Inc. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987).

According to appellants, *Beuchler* establishes that the City in performing building inspections and in issuing building permits owes a duty of reasonable care to all future owners and users of the buildings. The district court disagreed. First, it noted that *Beuchler* is factually distinguishable from this case. In terms of the law in most other States, *Beuchler* is a classic case of special relationship or duty—the city leased its land for development subject to a restrictive covenant; the city approved final plans and specifications and issued the necessary permit and the contractor proceeded to build; the city then ordered destruction of the building for violation of the covenant, and both the city and its lessee argued that the contractor must bear the resulting loss. Here, on the other hand, plaintiffs had *no* contact with the City before purchasing their homes. They did not rely on the City's building permits and inspections, and they presented no evidence of particular reliance on the City's enforcement of its building code.

Second, the district court noted that the Supreme Court of Washington has now overruled *J & B Dev. Co.,* the case upon which *Beuchler* relied. In *Taylor v. Stevens County,* 111 Wash.2d 159, 759 P.2d 447 (1988) (en banc), the majority held (i) that the question must be analyzed under the traditional public duty/special relationship principle, and (ii)

that the enforcement of a building code does not, by itself, establish a special relationship:

> The duty to ensure [building code] compliance rests with individual permit applicants, builders and developers. Accordingly, the special relationship exception to the public duty doctrine has no application where a claimant alleges negligent enforcement of building codes because local government owes no duty of care to ensure compliance with the codes.... Several policy considerations compel our conclusion that it is the duty of individuals, not local government, to ensure compliance with building codes.

759 P.2d at 452. To prove a special relationship in the building code context, the court in *Taylor* held that the plaintiff must establish (1) direct contact or privity with the public official, (2) that the official in response to a specific inquiry represented that the building complied with the building code, and (3) reasonable reliance on that representation. *Id.* at 453. Three justices specially concurred in *Taylor.* In their view, "[t]here is no need to use the public duty doctrine when there is no duty at all.... [I]t is the duty of a builder not the government to ensure that his work complies with the building codes." 759 P.2d at 454.

After reviewing *Beuchler* and *Taylor,* the district court concluded that, if presented with the issue raised in this case, the North Dakota Supreme Court would distinguish *Beuchler.* The facts in *Beuchler* satisfy the special relationship criteria defined in *Taylor* and other cases—there was privity of contract, direct personal contact between plaintiff and the building inspector, a specific request for and assurances of compliance, and reasonable reliance on the inspector's assurances and the building permit. Because there was no such special relationship between appellants and the City in this case, the district court concluded that the Supreme Court of North Dakota would adopt the approach of either the majority or concurring justices in *Taylor* and hold that the City owed no duty to appellants.

We review the district court's analysis of North Dakota law *de novo. See Salve Regina College v. Russell,* 499 U.S. 225, 111

S.Ct. 1217, 113 L.Ed.2d 190 (1991).[2] We agree with the district court that the Supreme Court of North Dakota would likely construe its decision in *Beuchler* so as to keep this aspect of municipal tort liability in line with the majority rule that is followed in Minnesota and South Dakota, much as the Supreme Court of Washington in *Taylor* limited its earlier decision in *J & B Dev. Co.* Because appellants presented no factual basis for holding the City liable under this narrower standard, the district court properly granted summary judgment in the City's favor. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The judgment of the district court is affirmed.

**2.** No party ever requested that this issue of state law be certified to the Supreme Court of North Dakota. We decline to do so on our own motion. Although the issue might well have been appropriate for certification soon after removal, it is now exceedingly late in the litigation, and there are subsidiary issues of state law, such as proximate cause and "discretionary acts" immunity, that are not before us and therefore could not be properly framed for certification.