**Kevin BRUNER, Plaintiff and Appellant,**

v.

**Michelle HAGER, f/k/a, Michelle Jaeger, Defendant and Appellee.**

**Civil No. 960017.**

Supreme Court of North Dakota.

May 14, 1996.

Richard B. Baer, Richard B. Baer, P.C., Bismarck, for appellant.

Thomas M. Tuntland, Mandan, for appellee.

MARING, Justice.

Kevin Bruner appeals from a district court order denying his request for reconsideration of a custody decision and his request for a stay of the decision. The district court changed custody of Bruner's son Dillon Bruner from Bruner to Dillon's mother Mi-chelle Hager in an amended judgment on remand. We affirm.

The facts underlying this appeal are reported in *Bruner v. Hager*, 534 N.W.2d 825 (N.D.1995), and will be repeated only as necessary to resolve the issues raised in this appeal.

In October 1994, the trial court placed custody of Dillon with Bruner. Hager appealed. We reversed the trial court's decree and remanded "for more specific findings on domestic violence and for a redetermination of custody." *Bruner*, 534 N.W.2d at 826. On remand, the trial court reconsidered the evidence of record and granted custody of Dillon to Hager. In its memorandum opinion and order, the court stated it had "specifically found evidence of domestic violence by [Bruner]. Although Mr. Bruner attempted to mitigate them with his testimony, there was no question that I believe that he instituted the physical conduct and that the defendant was the victim."

Before the entry of the court's memorandum opinion and accompanying judgment on remand, Bruner sought a hearing on the merits to consider whether Hager was a fit parent. The court did not grant the hearing, and entered judgment granting custody to Hager. Bruner submitted a request for reconsideration, motion to take testimony, and request for stay order. In his request, Bruner specified that he wished to "put on additional testimony regarding the psychological effect this transfer will have on Dillon and [Bruner]." Bruner later submitted an amended motion requesting that the court appoint a guardian ad litem, order psychological examinations, order a home study, and permit Bruner to update his testimony on his and Dillon's "medical and factual situation." The court denied Bruner's requests.

Bruner's sole claim on appeal is that the trial court erred when it refused to allow him to present evidence on matters involving Dillon's best interests on remand, in particular evidence to rebut the statutory presumption against awarding custody to a perpetrator of domestic violence.[1] Bruner contends that

1. In making this claim, both in his brief and at oral argument, Bruner criticized the statutory

"the rules of the game" changed between the time the court tried the case and the return on remand, and that the court should have allowed him to introduce evidence to overcome the domestic violence presumption before it changed Dillon's custody.

■ This court has long held that there is only a single issue to be determined by the trial court in making an original custody award: the child's best interests. *See Heinen v. Heinen,* 452 N.W.2d 331, 333 (N.D. 1990). Section 14–09–06.2, N.D.C.C., lists the factors a trial court must evaluate in determining a child's best interests. In 1989, the legislature amended this section to require courts to consider domestic violence in making custody determinations. 1989 N.D. Laws ch. 178, § 2. In *Schestler v. Schestler,* 486 N.W.2d 509, 511 (N.D.1992), we interpreted the domestic violence provision and held that domestic violence should be considered in making custody determinations, but that it did not have a "priority" over the other statutory best interest factors. In an apparent response to our construction of section 14–09–06.2(1)(j), the legislature amended the statute again, stating in detail what impact a finding of domestic violence will have on a court's custody decision. 1993 N.D. Laws ch. 144, § 2; *see Heck v. Reed,* 529 N.W.2d 155, 160–61 (N.D.1995) (tracing history of the domestic violence statute and its construction by this court).

Under the law as amended, if a court "finds credible evidence that domestic violence has occurred, this evidence creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded sole or joint custody of a child." N.D.C.C. § 14–09–06.2(1)(j). "To rebut the

presumption, the violent parent must prove by clear and convincing evidence that other circumstances *require* that the child be placed with the violent parent rather than the non-violent parent." *Owan v. Owan,* 541 N.W.2d 719, 721 (N.D.1996) (emphasis added).

Bruner's custody hearing took place August 31, 1994. The rules of the game, as established in 1993 by the legislature through its amendment of section 14–09–06.2(1)(j), were, therefore, in place at the time of the hearing. The problem, as we indicated in our decision in *Bruner,* 534 N.W.2d at 825, was that the trial court did not properly apply these rules. We instructed that "[a] trial court cannot treat the violence-presumption as simply another factor in custody." *Id.* at 828. Instead, "[t]he presumption places an emphasis on domestic violence as the paramount factor in a custodial placement when credible evidence of domestic violence appears." *Id.*

In its memorandum opinion, the trial court admitted it did not properly apply the domestic violence presumption in making its initial custody decision. In reconsidering the evidence of domestic violence in its findings of facts, the court found:

> "6. The parties' relationship was rocky. There were at least four instances of Kevin's violent behavior toward Michelle, which behavior constituted 'domestic violence' within the meaning of Section 14–09–06.2 of the North Dakota Century Code.

> 7. Kevin Bruner did not prove by clear and convincing evidence that Dillon's best interests require his participation as a custodial parent."[2]

presumption against awarding custody to a perpetrator of domestic violence and this court's interpretation of the statute. The gist of his argument is that it is a bad law, badly interpreted. These criticisms are not germane to the resolution of the issue Bruner presents on appeal. It is the legislature's duty to make laws, and this court's duty to interpret the laws as written. *See* N.D.C.C. ch. 1–02.

2. There is evidence in the record suggesting that Hager also committed acts of domestic violence during her relationship with Bruner, but the trial court did not make any specific findings as to the

extent of domestic violence she committed. Under section 14–09–06.2(1)(j), N.D.C.C., the trial court is required to "consider evidence of domestic violence" and "cite specific findings of fact." Bruner, however, did not appeal from the trial court's findings. He appealed from the trial court's order denying his request for reconsideration, motion to take testimony, and request for stay order. Bruner's motion was akin to a motion for a new trial, and when we review postjudgment motions, " 'the party making such a motion is limited on appeal to a review of the grounds presented to the trial court.' " *Steckler v. Steckler,* 519 N.W.2d 23, 25 (N.D.1994) (quot-

The court therefore granted custody to Hager. Bruner does not challenge the trial court's finding that the domestic violence presumption applies against him, but he claims the trial court erred in denying his request to introduce more evidence to rebut the presumption.

■ Trial courts have broad discretion on evidentiary matters. *Wetch v. Wetch*, 539 N.W.2d 309, 311 (N.D.1995). A trial court's decision on whether to allow further evidence after the close of a trial or hearing is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Carlson v. Carlson*, 472 N.W.2d 228, 231 (N.D.1991). A trial court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner." *Crawford v. Crawford*, 524 N.W.2d 833, 835 (N.D.1994). Likewise, a trial court abuses its discretion "when its decision is not the product of a rational mental process by which the facts and law relied on are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Clooten v. Clooten*, 520 N.W.2d 843, 845 (N.D.1994).

■ When the trial court denied Bruner's request to introduce more evidence on remand, it wrote it was "satisfied that its duty was to re-evaluate the testimony of the trial in light of the Supreme Court's order." Bruner challenges this conclusion. He claims the court did not adequately address the psychological effects of a custody change on the parents and Dillon at trial. He also points out the time lapse between the August 1994 hearing and the trial court's October 1995 custody redetermination, and insists factual changes took place in the lives of the parties during that period that demand consideration by the court.

Bruner supported his motions to submit additional evidence with affidavits. In the affidavits, he alleged that Dillon was experiencing crying outbreaks and emotional upset because he wanted to remain with Bruner. He alleged that Dillon's stepfather spanked Dillon frequently. He alleged that Hager

was experiencing fainting due to bulimia. He also informed the court that he had married a woman with a seven-year-old daughter and that his new wife could care for Dillon during non-school hours.

Our examination of the trial transcript, however, shows that few of the issues raised in Bruner's post-remand affidavits were new issues. At trial, Bruner introduced evidence that Dillon suffered emotional upset whenever separated from him, and evidence that Hager and her new husband were harsh disciplinarians. Furthermore, Hager's bulimia and her other possible emotional and psychological problems were dealt with at length at trial. A significant quantity of psychological evidence was introduced at trial, including testimony from a clinical psychologist who performed psychological evaluations of Bruner and Dillon, testimony from a social worker who counseled Hager, and testimony from a psychiatric social worker who gave Dillon therapy. Bruner and Hager also testified about their own psychological and emotional states.

The only new information Bruner produced in his affidavits was information about his family status. The trial transcript, however, shows that Bruner introduced considerable evidence about the stability of his home and the advantages Dillon could obtain if left in Bruner's custody. Indeed, the trial court's findings supporting its prior grant of custody to Bruner indicate that the court considered Bruner's home environment a favorable one for Dillon. Considering the evidence already on record, the new evidence Bruner sought to submit about the good home he could provide Dillon would have been merely cumulative.

■ Abuse of discretion by a trial court is never assumed; it must be affirmatively established. *Klitzke v. Klitzke*, 308 N.W.2d 385, 390 (N.D.1981). The record shows the trial court had before it substantial evidence about Bruner, Hager, Dillon, and their emotional, psychological, and factual conditions. Bruner has not shown us that the trial court

ing *Andrews v. O'Hearn*, 387 N.W.2d 716, 728 (N.D.1986)). Therefore, we do not address the

sufficiency of the trial court's findings.

acted in an arbitrary, unreasonable, or unconscionable manner when it declined to grant his requests to submit additional evidence. We, therefore, conclude the trial court did not abuse its discretion in refusing to grant Bruner's motions to submit new evidence.

We affirm.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

SANDSTROM, Justice, dissenting.

For the reasons set out in my opinion concurring in the result in *Bruner v. Hager*, 534 N.W.2d 825, 829 (N.D.1995), I now dissent. As a matter of law, the trial court should have made specific findings relating to domestic violence committed by *each* parent, and, guided by the statutes in the final analysis, awarded custody based on the best interests of the child.