PAUL GANGE and Katherine Gange, Appellants, v. GEORGE H. GANGE, Administrator of the Estate of Karl Gange, Deceased, Conrad Gange, George H. Gange, Regina Stappler, Katherine Vogel, Elizabeth Ziegler, Paul Lauinger, Frank Lauinger, Anton Lauinger, Katherine Schiele, Regina Lauinger, Mary Eva Hoffart, Nick Leier, Annie Merck, and Christian Volk, Respondents.

(56 NW2d 688)

Opinion filed January 13, 1953.

*Johnson & Rausch,* for appellant.

*W. R. Spaulding* and *Roland A. Heringer*, for respondents.

MORRIS, Ch. J.  This is an appeal from an order of the District Court of McHenry County granting a motion of the respondents for a new trial.  The matter involves the payment of a claim against the estate of Karl Gange, who died January 15, 1949. The claimants and appellants are a son of the deceased and his wife who filed a claim for care and support of the deceased from May 1941 to June 1948 at the rate of $50.00 per month, amounting to $4,200.00.  The county court allowed the claimants $440.00. The claimants then appealed to the District Court of McHenry County where the matter was tried before a jury and a verdict was rendered in favor of the claimants for $3,700.00.  The respondents in this appeal then moved for a judgment notwithstanding the verdict or in the alternative for a new trial, which was granted.  The chief reason for granting the new trial, as disclosed by the court's memorandum opinion, was that the claimants failed to prove the value of the services which they claimed to have rendered.

In the spring of 1941, Karl Gange, then about seventy-six years of age, was a widower living alone in his house in Karlsruhe.  He sold the house to his son, reserving therein a room for his own use.  From then until about the time of his death in January 1949 the son and his wife, claimants therein, furnished Karl Gange care, shelter, and sustenance.  In 1947 Karl Gange suffered a stroke and in the spring of 1948 he was placed under legal guardianship.  The claim in this case covers the period from May 1941 to June 1948.  From June 1948 to his death, his care was paid for through the guardianship proceedings.  Apparently the stroke did not result in the complete disability of the deceased, for he was still able to get about and went down town frequently up to the time of his death.  There is considerable evidence to the effect that the deceased, particularly during the last two years of his life, was very difficult to care for, was addicted to the excessive use of intoxicating liquor, frequently soiled his clothing, and otherwise rendered his surroundings unpleasant and offensive to those about him.  The evidence discloses no express agreement that the son and his wife were to receive pay for the services rendered to the deceased.  Recovery, if any, must under the state of this record be on the basis of

implied contract. Whether facts exist which warrant such an implication is a question to be determined by the trier of facts.

Brady v. Brady, 50 ND 114, 194 NW 938, was an action by a daughter against the administrator of her deceased mother to recover upon an implied contract for services rendered to the mother during her last years and last illness. From that case we take these pertinent quotations:

"the claimant does not establish a cause of action by proving that the services were, in fact, rendered, and their reasonable value, but must rebut the presumption of gratuitousness—which is one of fact—by competent evidence. . . . The source of the obligation, whether the contract be express or implied, is the intention of the parties; the essential difference between an express and an implied contract is not of the substance, but lies in the form of the proof; the former is proved by direct, the latter by circumstantial evidence. In the case at bar, therefore, the verdict for the plaintiff should not be disturbed if there is substantial evidence in the record from which the jury could find, under all the circumstances of the case, that it was the intention and understanding of the decedent and her daughter that she should be paid for her services; and it is not necessary that such understanding should be expressed in words, but it may be inferred from all the circumstances, the nature of the services, the conduct, and the relations of the parties."

In that case it was held that the services were not of such an extraordinary, peculiar, or menial character as to justify the jury in finding that there was an understanding between the mother and daughter that compensation should be made. The jury had rendered a verdict for the plaintiff and this court ordered a new trial. In stating and applying the law in that case, these former decisions were considered and relied upon: Krapp v. Krapp, 47 ND 308, 181 NW 950; Bergerson v. Mattern, 41 ND 404, 170 NW 877. The law in most jurisdictions is extensively covered in an annotation to be found in 7 ALR(2d) 8. Our cases are in accord with general authority.

The trial court granted the defendants' motion for a new trial upon the ground that the plaintiffs failed to prove the value of the services which they allege were performed for the deceased

and for which they now seek recovery. After explaining why such evidence was omitted, the appellants argue that the jury, having heard the testimony regarding the extent and nature of the services performed by the plaintiffs and having a knowledge and understanding of the value of such services, could determine the value and base a verdict thereon, which they did. The trial court is clearly correct in determining that there was no evidence placed before the jury by which it could measure the value of the services. Was that value a fact so commonly and generally known that we must assume it to be within the knowledge of every member of the jury? The appellants, in order to avoid the impact of the presumption of gratuitousness arising from the relationship between the appellants and the deceased, take a position wholly inconsistent with their argument that knowledge of the worth of these services was common to all. If the services rendered were so extraordinary as to avoid the presumption, it would seem that they were also so extraordinary that they did not fall within the general knowledge and experience of members of the jury. In pointing this out, however, we do not intend to imply that either the court or jury may determine the value of personal services such as those involved in this case without there being presented some evidence by which the value could be measured. As a general rule, courts will not take judicial notice of the value of personal services in actions to recover the value thereof. 20 Am Jur Evidence, Section 121; Jones, Commentaries on Evidence, Second Edition, Section 426.

In Tullgren v. Karger, 173 Wis 288, 181 NW 232, it is said:

"In matters outside of the field of general knowledge and in cases where the testimony of experts or those particularly familiar with the matters at issue is necessary, the findings of all triers of fact, either court or jury, must be based upon testimony of witnesses or other evidence made a part of the record."

See also In Re Gudde's Will, 260 Wis 79, 49 NW(2d) 906. The value of the services which the claimants claim they performed for the decedent is a matter clearly outside of the field of general knowledge of the jury and a verdict in favor of the claimants therefore must be based upon testimony of witnesses or other ev-

idence and in the absence of such evidence the verdict cannot be sustained.

It is argued that the proof of claim which was filed in the county court sets forth that it is for "care and support of Karl Gange from May 1941 to June 1948 at the rate of $50.00 per month" and being verified by affidavit as required by statute (Section 30–1805 NDRC 1943) and being introduced in evidence, is of itself sufficient to support the verdict of the jury. The claim thus filed and verified is evidence only of the fact that it was duly presented as a claim against the estate. It is not evidence of the facts therein recited. Bancroft's Probate Practice, Section 894. It constitutes a pleading in the case. Tooz v. Tooz, 76 ND 492, 37 NW(2d) 493. In Hughes v. Wachter, 61 ND 513, 238 NW 776, 100 ALR 255, it was said of a verified claim that had been filed with the executrix:

"It is clear however, that the verification attached to that exhibit had no probative force in the trial of this case any more than the verification of the complaint. Such verification is required by statute in order to present a claim to the executrix; but cannot be accepted in this case as proof of the truth of the statements contained in the claim."

The fact that in the course of probate claimants filed a verified claim for $50.00 a month is not evidence of the value of the services claimed to have been rendered. It is not claimed that the record contains other evidence of value. The trial court did not abuse his discretion in granting a new trial on the ground that the evidence was not sufficient to sustain the verdict with respect to the value of the services rendered.

This brings us to another question which has been raised and is likely to again arise upon the new trial. The question is: May the plaintiffs testify as to their own opinion of the value of the services rendered after they have been fully described as to extent, nature, and conditions surrounding their rendition?

In Wigmore on Evidence, Third Edition, Section 715, we find that:

"It would be a hard rule which would prevent a plaintiff from informing the jury of his own estimate of the value of his services; and the Courts seem inclined to impose no terms as to his

general familiarity with the class of services; that he has rendered them justifies listening to his opinion."

This general statement of the law is supported by abundant authority, among which we find these cases: Missouri Pacific Ry. Co. v. Palmer, 55 Neb 559, 76 NW 169; Moran v. Moran, 124 Neb 379, 246 NW 711; Rizzo v. Cunningham, 303 Mass 16, 20 NE(2d) 471; Nesbit v. Shisler, 175 Mo App 565, 158 SW 419; Citron v. Fields, 30 Cal App(2d) 51, 85 Pac(2d) 534; Coogan Finance Corp. v. Beatcher, 120 Cal App 278, 7 Pac(2d) 695; Millspaugh v. McKnab, 134 Kan 579, 7 Pac(2d) 51; McGilchrist v. F. W. Woolworth Co., 138 Ore 679, 7 Pac(2d) 982; Parmalee v. Wigent's Estate, 189 Mich 507, 155 NW 577.

The respondents further contend that the claimants cannot testify as to the value of services rendered to the decedent because the claimants are rendered incompetent as witnesses by the provisions of Section 31-0103 NDRC 1943, which, in effect, provides that they shall not be allowed to testify against executors, administrators, heirs at law, or next of kin of a deceased as to any transaction whatever with or statement by the deceased unless called to testify thereto by the opposite party. The neat question is whether testimony as to the value of services rendered when given by the claimants is testimony as to a transaction with the deceased. The authorities are not in accord. See annotation in 155 ALR 995. In this jurisdiction the statute in question has been construed and applied strictly. As we said in McDonald v. Miller, 73 ND 474, 16 NW(2d) 270, 156 ALR 1328:

"This court has consistently refused to extend this statute by interpretation and has confined its application to the letter thereof."

We deem it to be the proper rule that a party seeking to recover for services rendered to a decedent should be permitted to testify to the value of such services, provided that their nature and the fact of their rendition have been first established by competent evidence. Morrissett v. Wood, 123 Ala 384, 26 So 307, 82 Am St Rep 127; Tuohy v. Trail, 19 App DC 79; Belote v. O'Brian, 20 Fla 126; Lewis v. Meginniss, 30 Fla 419, 12 So 19; Burrows v.

Butler (NY) 38 Hun 157; Garwood v. Schlichenmaier, 25 Tex Civ App 176, 60 SW 573.

We have held the term "transactions" to "embrace every variety of affairs which conforms to the subject of negotiations, interviews, or actions between the parties, and include every method by which one person can derive impressions or information from the conduct, condition or language of another." Frink v. Taylor, 59 ND 47, 228 NW 459; International Shoe Co. v. Hawkinson, 72 ND 622, 10 NW(2d) 590. Proof of the value of services sought to be established on a quantum meruit basis is a matter wholly separate and apart from the transaction which involved the rendition of the services. Once the nature and the extent of the services are established by competent testimony, the value of the services can be shown by expert testimony or by the estimate of the value on the part of the party who rendered the services, or both. It seems clear to us that the plaintiffs' opinion as to the value of the services rendered to a decedent is no part of the transaction with the decedent and that a plaintiff who rendered the services is a competent witness with respect to their value. The fatal defect in this record, however, is the total absence of evidence respecting the value of the services. It is upon this ground that the trial court ordered a new trial and, in so doing, he did not err. The order appealed from is affirmed.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.