Rosa SCHULTZ, Appellant,

v.

NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, John A. Graham, Appellee.

Civ. No. 10903.

Supreme Court of North Dakota.

Aug. 15, 1985.

Blaine L. Nordwall, Asst. Atty. Gen., Dept. of Human Services, State Capitol, Bismarck, for appellee.

LEVINE, Justice.

Rosa Schultz appeals from a decision of the Executive Director of the North Dakota Department of Human Services [Executive Director] denying her application for medical assistance because of a disqualifying transfer of property.[1] We affirm.

On August 18, 1983, Schultz transferred 27.32 acres of land to her daughters, Irene Radspinner and Cleo Mork, and her stepdaughter, Emma Sanders, in allocations identical to the devises contained in a will executed by Schultz in 1972. At the time of the transfer, Radspinner, Mork, and Sanders itemized expenses in the amount of $49,875.00 which they had incurred for the benefit of Schultz before the transfer.

On February 14, 1984, Radspinner applied to the Burleigh County Social Service Board for medical assistance benefits on behalf of Schultz. The County Social Service Board denied her application because it concluded that the 1983 transfer was a disqualifying transfer of property. Schultz appealed the County Social Service Board's

Mills & Moore, Bismarck, for appellant; argued by William R. Mills, Bismarck.

1. Section 75–02–02–07(2)(e) of the North Dakota Administrative Code provides as follows:

"e. Disqualifying transfers.

"(1) Every person who before or after making application for medical assistance gives an assignment or makes a transfer of the person's property (whether real or personal property or liquid assets, or a combination thereof) for the purpose of rendering oneself eligible for medical assistance is thereby rendered ineligible.

"(2) The intent of the person making such a transfer is the basis for determining eligibility for medical assistance.

"(3) There are legitimate instances when property transfers may be valid when related to a particular set of circumstances. The applicant or recipient should be given full opportunity to state the reasons for having made the transfer of property and this evidence should in turn be considered in relation to the following questions:

(a) Was adequate consideration received?

(b) How recent was the transfer? Caution on this point is advised since very recent transfers may in some instances be entirely acceptable insofar as eligibility for medical assistance is concerned.

(c) Is the applicant's or recipient's stated purpose reasonable in view of the circumstances prevailing at the time of transfer?

(d) Would it have been reasonable to anticipate that the transfer of property at the time it occurred would result in an earlier need for assistance?

(e) Were benefits available to the applicant or recipient from the transferee that were contingent upon the transfer of the property?

(f) Did the transferee have a legal or otherwise equitable interest in the property transferred to the transferee?

"(4) A transfer of property for less than adequate consideration, made either within two years prior to the application for medical assistance or after a previous application has been made and denied because of excess property resources, shall be presumed to have been made for the purpose of rendering the applicant eligible for medical assistance. This presumption may be rebutted by substantial evidence of an intent which is inconsistent with the presumed intent."

denial to the Department of Human Services.

A hearing was held before a hearing officer for the Department of Human Services, and he recommended that Schultz's application for medical assistance benefits be granted. After receiving the hearing officer's recommendation, the Executive Director denied Schultz's claim on July 17, 1984, on the basis of a disqualifying transfer of property. The Executive Director concluded that Schultz had not presented evidence to rebut the presumption that the transfer was made for the purpose of rendering Schultz eligible for medical assistance or the presumption that services rendered by a child to a parent are gratuitous. Schultz's request for a rehearing was denied, and she appealed to district court. The district court affirmed the Executive Director's decision, and Schultz appealed to this Court.

■ When an administrative agency decision is appealed to a district court and then to this Court, we review the decision of the agency and look to the record compiled before the agency. *Garner Public School District No. 10 v. Golden Valley County Committee*, 334 N.W.2d 665 (N.D. 1983). Our review is governed by Section 28–32–19, N.D.C.C., which provides as follows:

"*28–32–19. Scope of Review and procedure on appeal from determination of administrative agency.* The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.
2. The decision is in violation of the constitutional rights of the appellant.
3. Provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions and decision of the agency are not supported by its findings of fact.

If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

■ We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D.1979). In addition to reviewing the factual basis for the agency's decision, we also consider whether the decision violates the appellant's constitutional rights and is in accordance with the law. *Garner Public School District No. 10, supra.*

Schultz contends that the Executive Director's decision was not based on the law because it was based on the provisions of a Department of Human Services Manual and not on a rule promulgated under Chapter 28–32, N.D.C.C. Schultz contends that the language of the manual that "Service or assistance furnished by a family member to an individual shall not be treated as consideration"[2] is not an officially promul-

---

**2.** Section 510–05–30–60 of the Department of Human Services Manual provides as follows:

"*05–30–60. Disqualifying Transfers*

"A transfer of property for less than adequate consideration, whenever made with the intent to render the transferor or a family member eligible for medical assistance benefits, produces ineligibility. Such a transfer made either within two years prior to the date of application for medical assistance or after a previous application or documented inquiry shall be presumed to have been made for the

gated rule and therefore is not the law. The Department of Human Services contends that the Manual contains a distillation of federal and state statutes, rules, and cases which may affect a determination of eligibility for Medical Assistance benefits and that the provision in question is a correct statement of applicable case law and has the force of law.

▮ In North Dakota there is a well-established presumption that services rendered by a child to parents are gratuitous, unless there is an express contract or the character of the services are peculiar and the circumstances are exceptional so as to imply a contract. *Matter of Estate of Raketti*, 340 N.W.2d 894 (N.D.1983); *In Re Estate of Thompson*, 191 N.W.2d 578 (N.D. 1971); *Gange v. Gange*, 79 N.D. 372, 56 N.W.2d 688 (1953); *Brady v. Brady's Estate*, 50 N.D. 114, 194 N.W. 938 (1923); *Krapp v. Krapp*, 47 N.D. 308, 181 N.W. 950 (1921); *Bergerson v. Mattern*, 41 N.D. 404, 170 N.W. 877 (1918). This presumption has the force and effect of law in North Dakota, and the Executive Director did not err in applying this principle of law in reaching his decision.

Schultz contends that the Executive Director did not properly review all of the evidence before rejecting the recommendation of the hearing examiner and, therefore, the decision was not supported by the evidence. Schultz asserts that the director could not have examined the testimony of the hearing because he was not present at the hearing and, at the time of his decision, a transcript of the hearing had not been prepared. Therefore she contends that she was denied a fair hearing and due process.

An electronic recording of the hearing was available for review by the Executive Director. The Executive Director stated in his findings, conclusions, and decision that "the evidence of record in this proceeding has been considered and appraised. The recommended findings of fact and conclusion of law submitted by the hearing officer have been thoughtfully and carefully examined and are not adopted in this instance." Other than this statement, the record does not reflect the extent of the Executive Director's review.

In *Hammond v. North Dakota State Personnel Board*, 345 N.W.2d 359 (N.D. 1984), the State Personnel Board's decision to uphold Hammond's dismissal was based solely upon a report and recommendation by a hearing officer. The record reflected that the Board had not reviewed the evidence, testimony, and exhibits presented before the hearing officer. We concluded that the Board had a duty to determine whether or not there was just cause for Hammond's dismissal based upon the evidence submitted by the parties and that the failure of the Board members to review the record violated Hammond's right to a decision by the Board based upon a review of the record. However, nothing in our decision in *Hammond* requires each member

purpose of rendering the individual eligible for medical assistance. This presumption may be rebutted by substantial evidence of an intent which is inconsistent with the presumed intent.

"An amount equal to the fair market value of the property transferred will be treated as an available resource (as though the transferor had retained the property).

"The transfer or assignment of property will disqualify an individual from medical assistance only when such action involved property in excess of established property limits (that is, property other than that which is considered exempt) and then only if the individual has not received full value in cash, in kind or in services. Services or assistance furnished by a family member to an individual shall *not* be treated as consideration in exchange for property unless provided pursuant to a valid contract entered into prior to the rendering of the service.

"There are legitimate instances when property transfers may be valid when related to a particular set of circumstances. The individual should be given full opportunity to state the reasons for having made the transfer of property and this evidence should in turn be considered.

"The return of a transferred resource would nullify the disqualifying transfer. The returned resource is included with all other resources and is subject to the appropriate resource limit.

"An individual found ineligible as a result of a disqualifying transfer would remain ineligible until he becomes obligated for medical expenses equal to the uncompensated value of the transferred resource."

of an administrative agency to read *each* word of the record and examine *each* exhibit introduced before disposing of the issues before the agency. See *Hammond v. North Dakota State Personnel Board, supra* (VandeWalle, Justice, concurring; Pederson, Justice, concurring in part, dissenting in part).

■ The administrative officer deciding a case need not actually hear the witnesses testify or hear oral argument, but the officer deciding the case must consider and appraise the evidence before reaching a decision. *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); 3 Davis, Administrative Law, § 17:2 (2d Ed. 1980). Although a hearing examiner has the advantage of hearing and seeing witnesses testify, an agency may reject the examiner's decision even on a question involving the credibility of contradictory witnesses. 3 Davis, Administrative Law, § 17:16. A court's review of an agency decision does not include probing an agency decisionmaker's mental process if a hearing was given as required by law. *Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938); 3 Davis, Administrative Law, § 17:16; Annot., 18 A.L.R.2d 606, 623 (1951).

The record reflects that a hearing was conducted as required by law and that the Executive Director stated that he considered and appraised the hearing officer's findings and conclusions. Simply because the Executive Director rejected the hearing officer's recommendation does not imply that the Executive Director did not consider and appraise the record. Section 31–11–03(15), N.D.C.C., provides a rebuttable presumption that an official duty has been performed regularly. Nothing in the record rebuts the presumption that the Executive Director regularly performed his duty and considered and appraised the record. We do not believe it is appropriate to probe the Executive Director's mental process in arriving at his decision. Our inquiry is limited to a review of the findings, conclusions, and decision of the agency under the appropriate standard of review. The findings, conclusions, and decision should be sufficient to explain the rationale for not following the hearing officer's recommendation.

■ An interrelated issue is whether or not the Executive Director's decision is supported by a preponderance of the evidence. In this instance, two presumptions apply. A transfer of property for less than adequate consideration made within two years prior to an application for medical assistance is presumed to have been made for the purpose of rendering the applicant eligible for medical assistance. N.D.Admin.Code § 75–02–02–07(2)(e). With regard to the adequacy of consideration, a presumption exists that services rendered by a child to a parent are gratuitous in the absence of an express or implied contract. *In Re Estate of Thompson, supra.*

The Executive Director made the following findings of fact:

"The appellant's [Schultz's] evidence consisted of (1) testimony by one of her daughters concerning the circumstances surrounding the transfer of the property in question, and, in particular, an explanation of the expenses itemized by the daughters in caring for the appellant since 1972, and (2) two exhibits, consisting of the will and a list of the large services provided by the daughters. There was no evidence submitted as to the existence of an express contract to provide such services, entered into at the time the services were provided, or at any other time.

"While the appellant's daughter testified that the services set forth on the exhibit (appellant's Exhibit B) were provided to the appellant with the thought in mind that she and her sister would some day receive an inheritance, she at no time suggested that such services would not have been provided in like manner if the expectation of an inheritance had not existed. Therefore, the presumption that such services were gratuitous was not rebutted by competent evidence and no implied contract is found to have existed."

The stated reason for Schultz's transfer of property was to repay her daughters and stepdaughter for services and contributions they had provided her over the years. However, the services and contributions were consistent with filial affection and there was no evidence presented before the hearing officer to establish an express contract.

Furthermore, we do not believe the services provided by the daughters were exceptional and peculiar so as to overcome the presumption of gratuity and imply a contract. However, the examination need not focus entirely on the nature of the services provided, but should take into all of the surrounding facts and circumstances to determine whether an agreement could be implied. *Matter of Estate of Raketti, supra.*

We have carefully reviewed the record, and we conclude that a reasoning mind could have determined by the weight of the evidence from the entire record that Schultz was ineligible for medical assistance because of a disqualifying transfer of property. Furthermore, we believe that Schultz was accorded a fair hearing and due process.

Accordingly, we affirm the district court's decision affirming the Executive Director's decision to deny Schultz's claim.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.