2003 ND 194

**Martin J. ZANDER, Claimant
and Appellant,**

v.

**WORKFORCE SAFETY AND
INSURANCE, Appellee.**

**No. 20030129.**

Supreme Court of North Dakota.

Dec. 19, 2003.

Steven L. Latham, Wheeler Wolf, Bismarck, for claimant and appellant.

Shawnda Renee Reid, Special Assistant Attorney General, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Martin Zander appealed from a district court judgment affirming an order of North Dakota Workforce Safety and Insurance ("WSI") refusing to reopen Zander's claim for benefits. We reverse and remand, concluding WSI applied an erroneous legal standard in denying Zander's request to reopen his claim.

## I

[¶ 2] Zander suffered a work-related back injury in 1991. WSI accepted his claim and paid medical expenses. Zander's symptoms worsened and he eventually had surgery in 1993. WSI paid Zander temporary total disability benefits after the surgery until Zander returned to work approximately three weeks later. Zander's doctor ultimately determined Zander had reached maximum medical improvement, and WSI had Zander undergo a permanent partial impairment evaluation. On July 28, 1994, WSI issued an order awarding benefits for a five percent whole body permanent partial impairment.

[¶ 3] Zander did not seek further medical treatment for his back or any further benefits from WSI for more than seven years, although he testified he had recurring problems with his back during that time. In July 2001, Zander saw his doctor for back and leg pain, and requested payment by WSI for those medical expenses. WSI informed Zander that, because his claim had been inactive for longer than four years, his claim was presumed closed and he could only receive further benefits if he established by clear and convincing evidence that his current condition was caused solely by his original work injury.

[¶ 4] Zander underwent further medical testing, and provided to WSI records and letters from his treating doctors indicating his current condition was caused by his original work injury. On October 18, 2001, WSI informed Zander the additional information did not provide clear and convincing evidence that his current condition was solely caused by the work injury. Zander's subsequent request that WSI pay for additional testing to establish that his condition was solely caused by the work injury was also denied.

[¶ 5] On December 11, 2001, WSI issued its order denying reopening of Zander's claim. Zander requested a hearing, which was held before an administrative law judge ("ALJ") on September 24, 2002. The ALJ determined there was not clear and convincing evidence that Zander's 1991 work injury was the sole cause of his current condition and recommended that the prior order denying reopening of Zander's claim be affirmed. WSI adopted the ALJ's recommended findings, conclusions, and order on November 4, 2002. Zander appealed to the district court, which affirmed WSI's order.

## II

[¶ 6] Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal from the district court's judgment, this Court reviews the agency order in the same manner as the district court under N.D.C.C. § 28–32–46. N.D.C.C. § 28–32–49; *Grand Forks Prof'l Baseball, Inc. v. North Dakota Workers Comp. Bureau*, 2002 ND 204, ¶ 8, 654 N.W.2d 426. We review the decision of the administrative agency, rather than that of the district court, although the district court's analysis is entitled to respect. *Paul v. North Dakota Workers Comp. Bureau*, 2002 ND 96, ¶ 6, 644 N.W.2d 884. Although the administrative construction of a statute by the agency administering the law is ordinarily entitled to some deference if that interpretation does not contradict clear and unambiguous statutory language, *Hamich, Inc. v. State*, 1997 ND 110, ¶ 13, 564 N.W.2d 640, questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision. *Grand Forks Prof'l Baseball*, at ¶ 8.

### III

■ [¶ 7] WSI determined that Zander's claim was presumed closed under N.D.C.C. § 65–05–35, which provides in part:

1. A claim for benefits under this title is presumed closed if the organization has not paid any benefit or received a demand for payment of any benefit for a period of four years.

2. A claim that is presumed closed may not be reopened for payment of any further benefits unless the presumption is rebutted by clear and convincing evidence that the work injury is the sole cause of the current symptoms.

It was undisputed that WSI had not paid any benefit or received a demand for payment of any benefit on Zander's claim between 1994 and 2001. Applying N.D.C.C. § 65–05–35, the ALJ and WSI determined that Zander had failed to show by clear and convincing evidence that his 1991 work injury was the sole cause of his current condition. Zander argues that the ALJ and WSI applied an erroneous legal standard in reaching that decision.

[¶ 8] In concluding that Zander had failed to meet the clear and convincing evidence standard, the ALJ noted that WSI interpreted that standard to mean Zander had to prove with 100 per cent medical certainty that the work injury was the sole cause of his current medical condition: "The Bureau's position is that ... the standard is clear that the medical evidence must be 100 percent clear and convincing that the work injury is the sole or only cause of the current symptoms." The ALJ concluded that "she must issue the recommended decision in this case in accordance with the Bureau's interpretation of the statute, that Zander's claim can only be reopened if he presents medical evidence that is one hundred percent clear and convincing the 1991 work injury is the sole and only cause of his current symptoms."

[¶ 9] The ALJ's analysis of the evidence and findings of fact were based upon this 100 per cent certainty standard:

43. There is no way to prove with absolute certainty any of the following [sic]: that Zander may have injured discs other than the L4–5 level back in 1991, to what extent the 1993 surgery that was necessitated by the work injury has contributed to the later back pain symptoms that appear to come from the L5–S1 level, to what extent Zander's continued work as a mechanic has contributed to his current problems, or whether his current problems and degenerative changes at the L5–S1 level are simply the result of aging. Testimony of Dr. Fyfe, Exhibit B44 at 30–33.

44. It was Dr. Fyfe's opinion, to a reasonable degree of medical certainty, that Zander's current problems are a result of the work injury and the 1993 surgery but he could not say with 100 percent certainty that all of the ongoing degeneration was due to the work injury. Exhibit B44 at 33–35.

. . . .

51. The medical evidence is not clear and convincing that Zander's work injury is the sole cause of his current condition as the Bureau interprets the provisions of N.D.C.C. § 65–05–35. Neither Dr. Nygaard or Dr. Fyfe could say with 100 percent certainty that the work injury was the sole cause of the current condition.

The ALJ's recommended findings, conclusions, and order were adopted by WSI as its final order.

[¶ 10] WSI asks us to view its description of the clear and convincing evidence standard in its argument to the ALJ as somewhat in the nature of hyperbole. However, it is clear from the ALJ's analysis and findings that the ALJ embraced the hyperbole as the definition of clear and convincing evidence. That definition is not in accord with the prior holdings of this Court.

[¶ 11] "Clear and convincing evidence" does not require a showing by "100 per cent certainty" or "absolute certainty." This Court, in a long line of cases, has repeatedly held that clear and convincing evidence means evidence which leads to a firm belief or conviction that the allegations are true. *See, e.g., In re Adoption of J.M.H.,* 1997 ND 99, ¶ 7, 564 N.W.2d 623; *State v. Schneider,* 550 N.W.2d 405, 410 (N.D.1996); *In re Adoption of J.W.M.,* 532 N.W.2d 372, 378 (N.D.1995); *In re Estate of Stanton,* 472 N.W.2d 741, 744 (N.D. 1991); *Black v. Peterson,* 442 N.W.2d 426, 429 (N.D.1989); *McCarney v. Knudsen,*

342 N.W.2d 380, 385 (N.D.1983); *Pritchett v. Executive Dir. of the Soc. Serv. Bd.,* 325 N.W.2d 217, 220 (N.D.1982); *Zundel v. Zundel,* 278 N.W.2d 123, 130 (N.D.1979).

[¶ 12] The Pattern Jury Instruction on clear and convincing evidence incorporates this standard:

Clear and convincing evidence means that the evidence leads you to a firm belief or conviction that the allegations are true. This is a higher standard of proof than proof by the greater weight of the evidence. The evidence presented need not be undisputed to be clear and convincing.

N.D.J.I. C–1.41.

[¶ 13] In *Zundel,* this Court further explained the clear and convincing evidence standard:

The plain language of prior opinions of this court have stated a clear and convincing standard of proof is the necessary requirement to the establishment of an implied trust. Not only does the weight of evidence required to meet such a standard not rise to the level of that required to meet the standard of beyond a reasonable doubt, but also the evidence need not be undisputed to reach the clear and convincing standard. Rather, under the clear and convincing standard, the evidence must be such that the trier of fact is reasonably satisfied with the facts the evidence tends to prove as to be led to a firm belief or conviction.

. . . . The trier of fact is always given an opportunity to observe the demeanor of the witness, to weigh, judge, test, and compare evidence in connection with all the facts and circumstances in evidence. The trier of fact reaches its decision only after this weighing process is complete. The existence of conflicting testimony or other explanations of the evidence does

not prevent the factfinder from reaching a conclusion the evidence is clear and convincing or even clear beyond a reasonable doubt.

*Zundel,* 278 N.W.2d at 129–30 (citations omitted).

[¶ 14] Our prior caselaw clearly indicates that clear and convincing evidence requires more than a mere preponderance of the evidence, but something less than proof beyond a reasonable doubt or undisputed evidence. *See Schneider,* 550 N.W.2d at 409–10; *Zundel,* 278 N.W.2d at 130. In the context of this case, there was no requirement that the evidence on the cause of Zander's current back condition be undisputed, or that his doctors state that they could say with "100 percent certainty" that Zander's work injury was the sole cause of his current medical condition. Rather, the appropriate standard was proof by evidence which leads to a firm belief or conviction that the allegations are true. We conclude that the ALJ and WSI applied an erroneous legal standard when they required Zander to prove with "100 percent" or "absolute" certainty that his work injury was the sole cause of his current medical condition. The findings of fact were therefore based upon an erroneous view of the law and the order refusing to reopen Zander's claim is not in accordance with the law. *See* N.D.C.C. § 28–32–46; *cf. Flattum–Riemers v. Peters–Riemers,* 2001 ND 121, ¶ 10, 630 N.W.2d 71 (findings of fact induced by an erroneous view of the law are clearly erroneous).

[¶ 15] In light of our resolution of this issue, it is unnecessary to address the remaining issues raised by the parties. We reverse the judgment of the district court and remand with directions that the matter be remanded to WSI for further proceedings in accordance with this opinion.

[¶ 16]CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.