2005 ND 115

**Timothy HOUN, Claimant and Appellant**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee**

and

**Bismarck Lumber Company, Respondent.**

No. 20050013.

Supreme Court of North Dakota.

June 22, 2005.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] Timothy Houn appealed from a district court judgment affirming a decision by Workforce Safety and Insurance ("WSI") which denied him disability benefits. We conclude WSI erred in applying N.D.C.C. § 65-05-08(1) to Houn's application for disability benefits, and we reverse and remand for WSI to treat Houn's claim as an original application for disability benefits.

I

[¶ 2] In August 2001, Houn was unloading a truck while employed by Bismarck Lumber. A pallet he was standing on broke, and he fell four feet to a concrete floor, injuring his right shoulder and lower back. WSI accepted Houn's claim and paid the medical expenses related to his injury. Houn did not miss five or more consecutive days of work at the time of his injury, and he therefore did not receive disability benefits for his injury. *See* N.D.C.C. § 65-05-08. Houn terminated his employment at Bismarck Lumber, effective September 25, 2001, and he has not worked since that date. In January 2002, Houn filed a claim with WSI for disability benefits. WSI ultimately denied Houn's claim for disability benefits, finding Bismarck Lumber had been accommodating Houn's light duty restrictions, Houn had voluntarily limited his income by quitting his job at Bismarck Lumber, and any loss of earnings resulted from Houn voluntarily quitting his job at Bismarck Lumber and not from his work injury. Houn did not

appeal that denial of his claim for disability benefits.

[¶ 3] In September 2002, Houn submitted a second claim to WSI for disability benefits, stating he was unable to work because of soreness and pain in his lower back and leg, and he was entitled to disability benefits. Houn requested and received an evidentiary hearing on his claim. There was evidence presented at the hearing that Houn's condition had worsened, he had been advised not to return to work due to his work-related injury, and it was unlikely he would be able to return to his previous type of employment. There was also some evidence that Houn had unsuccessfully attempted to procure employment from November 2002 to the fall of 2003. An administrative law judge ("ALJ") said WSI had not had an opportunity to determine whether Houn's limitation of income after September 5, 2002, was justified. The ALJ determined Houn's compensable work injury had worsened, he would have permanent functional limitations as a result of that change in his medical condition, and he would not be able to work at jobs suitable to his skills, education, and work experience. The ALJ recommended remanding the case to WSI to determine whether Houn was entitled to disability benefits under its continuing jurisdiction provided for in N.D.C.C. § 65–05–04. WSI rejected the ALJ's recommendation and decided Houn was not entitled to disability benefits because, under the procedure and criteria for reapplications for disability benefits when disability benefits have been discontinued, he had not shown an actual wage loss due to a significant change in his compensable physical condition. *See* N.D.C.C. § 65–05–08(1). WSI decided Houn had not incurred an actual wage loss, because he had voluntarily left his job with Bismarck Lumber. The district court affirmed WSI's decision.

II

[¶ 4] Under N.D.C.C. §§ 28–32–46 and 28–32–49, we affirm an administrative agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

We exercise restraint in deciding whether an agency's findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the agency. *Wanner v. North Dakota Workers Comp. Bureau*, 2002 ND 201, ¶ 8, 654 N.W.2d 760. Rather, we decide whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record. *Id.* Although an administrative construction of a statute by the agency

administering the law is ordinarily entitled to some deference if that interpretation does not contradict clear and unambiguous statutory language, questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision. *Zander v. Workforce Safety & Ins.*, 2003 ND 194, ¶ 6, 672 N.W.2d 668.

## III

■ [¶ 5] Houn argues WSI did not provide him with a fair post-hearing adjudication. He claims WSI improperly rejected the ALJ's recommended decision without reviewing a transcript of the hearing and after improperly communicating with its attorney.

[¶ 6] A similar claim about the timing of the preparation of a transcript was made in *Schultz v. North Dakota Dep't of Human Servs.*, 372 N.W.2d 888, 891–93 (N.D.1985). In *Schultz*, at 891, a transcript of an administrative hearing had not been prepared, but an electronic recording of the hearing was available when an administrative decision-maker rejected a hearing examiner's recommendation. This Court said an administrative decision-maker need not actually hear the witnesses testify or hear oral argument, but the decision-maker must consider and appraise the evidence before reaching a decision. *Id.* at 892. This Court concluded the record reflected the decision-maker stated he had considered and appraised the hearing officer's findings and conclusions, and this Court said review was limited to a review of the decision-maker's decision under the appropriate standard of review with the caveat that the decision should be sufficient to explain the decision-maker's rationale for not following the hearing examiner's recommendation. *Id.* *See* N.D.C.C. § 28–32–46(8) (stating "conclusions of law and order of the agency [must] sufficiently explain the agency's rationale for not

adopting any contrary recommendations by a hearing officer or an administrative law judge").

[¶ 7] Here, WSI's decision states the ALJ's recommended decision had been reviewed, and the ALJ's legal analysis was rejected. WSI's decision was based on a disagreement about legal issues, and we reject Houn's argument about the lack of a transcript.

■ [¶ 8] Houn also claims WSI's outside counsel had improper communications with WSI in violation of our decision in *Miller v. Workforce Safety & Ins.*, 2004 ND 155, 684 N.W.2d 641. In *Miller*, at ¶ 3, WSI's outside litigation counsel communicated with an attorney with WSI about an ALJ's recommended decision. We concluded the communications to someone other than the decision-maker raised concerns about how, or whether, information was passed on to the decision-maker, and we suggested a better approach would be to send the letter directly to the decision-maker with a copy to opposing counsel. *Id.* at ¶ 10. We remanded to WSI for an evidentiary hearing to ascertain whether there were any improper ex parte communications and, if so, to place them in the record. *Id.* at ¶ 12.

[¶ 9] Here, WSI's outside litigation counsel's letter to WSI's decision-maker complied with our suggestion in *Miller*. Houn nevertheless asks us to take judicial notice of WSI's post-hearing procedures as shown in the evidentiary hearing on the remand in *Miller*. Houn has not provided this Court with any information to establish those procedures, and we conclude he has not shown any improper communications to WSI's decision-maker. We therefore reject Houn's arguments that WSI failed to provide him with a fair post-hearing adjudication.

## IV

[¶ 10] Houn argues he is unable to work at the type of job he had at Bismarck Lumber because of his work-related injury, and he is entitled to an assessment of his right to disability benefits under N.D.C.C. § 65–05–04. Houn argues this Court's decision in *Wendt v. North Dakota Workers Comp. Bureau*, 467 N.W.2d 720 (N.D.1991), applies, because he has never received disability benefits and his "reapplication" for benefits does not fit within the terms of N.D.C.C. § 65–05–08(1), which applies to reapplications "[w]hen disability benefits are discontinued" and requires an actual wage loss caused by a significant change in the compensable medical condition. Houn seeks a remand to WSI under N.D.C.C. § 65–05–04. WSI responds, asserting N.D.C.C. § 65–05–08(1) applies to Houn's reapplication for benefits. WSI argues that because Houn quit his job with Bismarck Lumber, he failed to show an actual wage loss caused by a significant change in his compensable medical condition. He, therefore, was not entitled to disability benefits under our cases dealing with reapplications for disability benefits after benefits have been discontinued.

[¶ 11] Under N.D.C.C. § 65–01–11, a claimant seeking workers compensation benefits has the burden of proving by a preponderance of the evidence that he is entitled to receive benefits. Claimants thus must prove by a preponderance of the evidence that they are eligible for disability benefits. *Gronfur v. North Dakota Workers Comp. Fund*, 2003 ND 42, ¶ 6, 658 N.W.2d 337. Section 65–01–02(14), N.D.C.C., defines "disability" to mean "loss of earnings capacity and may be permanent total, temporary total, or partial." As relevant to the issues in this case, N.D.C.C. § 65–05–08, deals with applications for disability benefits and provides, in part:

No benefits may be paid for disability, the duration of which is less than five consecutive calendar days. An employer may not require an employee to use sick leave or annual leave, or other employer-paid time off work, before applying for benefits under this section, in lieu of receiving benefits under this section, or in conjunction with benefits provided under this section, but may allow an employee to use sick leave or annual leave to make up the difference between the employee's wage-loss benefits and the employee's regular pay. If the period of disability is five consecutive calendar days' duration or longer, benefits must be paid for the period of disability provided that:

1. When disability benefits are discontinued, the organization may not begin payment again unless the injured employee files a reapplication for disability benefits on a form supplied by the organization. In case of reapplication, the award may commence no more than thirty days before the date of reapplication. Disability benefits must be reinstated upon proof by the injured employee that:

   a. The employee has sustained a significant change in the compensable medical condition;

   b. The employee has sustained an actual wage loss caused by the significant change in the compensable medical condition; and

   c. The employee has not retired or voluntarily withdrawn from the job market as defined in section 65–05–09.3.

. . . .

4. An employee shall request disability benefits on a claim form furnished

by the organization. Disability benefits may not commence more than one year prior to the date of filing of the initial claim for disability benefits.

. . . .

6. It is the burden of the employee to show that the inability to obtain employment or to earn as much as the employee earned at the time of injury is due to physical limitation related to the injury, and that any wage loss claimed is the result of the compensable injury.

7. If the employee voluntarily limits income or refuses to accept employment suitable to the employee's capacity, offered to or procured for the employee, the employee is not entitled to any disability or vocational rehabilitation benefits during the limitation of income or refusal to accept employment unless the organization determines the limitation or refusal is justified.

8. The organization may not pay disability benefits unless the loss of earning capacity exceeds ten percent. The injured employee may earn up to ten percent of the employee's preinjury average gross weekly earnings with no reduction in total disability benefits. The employee must report any earnings to the organization for a determination of whether the employee is within the limit set in this subsection.

■ [¶ 12] WSI has continuing jurisdiction when an original claim has been timely filed, and WSI, on its own motion or on application, may review a previous decision and may end, diminish, or increase compensation previously awarded or, if compensation has been refused or discontinued, may award compensation. N.D.C.C. § 65–05–04. Under that statute,

an unappealed WSI decision is res judicata unless WSI reopens the claim, but the res judicata effect extends only to matters adjudicated at the time of that decision and does not extend to future changes in the claimant's medical condition. *Lass v. North Dakota Workmen's Comp. Bureau*, 415 N.W.2d 796, 800–01 (N.D.1987).

[¶ 13] In *Wendt*, 467 N.W.2d at 728, we held a discharge for just cause did not automatically prevent an employee from receiving disability benefits. We said a justifiable discharge suspends an injured employee's right to wage loss benefits, but the suspension will be lifted with proof the employee's work-related disability is the cause of the employee's inability to find or hold new employment. *Id.*

[¶ 14] In *Gronfur*, 2003 ND 42, ¶¶ 11–15, 658 N.W.2d 337, however, a majority of this Court construed N.D.C.C. § 65–05–08(1), a statute enacted after the decision in *Wendt*, and held a claimant reapplying for previously discontinued disability benefits must show an actual wage loss caused by a significant change in medical condition. *See also Sorlie v. Workforce Safety & Ins.*, 2005 ND 83, ¶¶ 14–16, 695 N.W.2d 453; *Beckler v. Workforce Safety & Ins.*, 2005 ND 33, ¶¶ 9–13, 692 N.W.2d 483; *Bachmeier v. North Dakota Workers Comp. Bureau*, 2003 ND 63, ¶¶ 11–16, 660 N.W.2d 217; *Lesmeister v. North Dakota Workers Comp. Bureau*, 2003 ND 60, ¶¶ 22–24, 659 N.W.2d 350. The *Gronfur* majority said, "[t]o demonstrate an actual loss of wages or remuneration as a result of a change in the claimant's compensable medical condition, the claimant must necessarily first demonstrate that he was earning wages from employment when the change in his medical condition occurred and must then show that the change caused at least a partial loss of those wages." *Gronfur*, at ¶ 12. The *Gronfur* majority rejected the claimant's attempt to

equate actual wages with earning capacity. *Id.* at ¶ 13. The *Gronfur* majority recognized the inconsistency of using "actual wage loss caused by a significant change in the compensable medical condition" as the basis for reapplying for disability benefits instead of diminution of earning capacity, but the majority concluded the legislature clearly made "actual wage loss" the requirement for restarting previously discontinued disability benefits. *Id.* at ¶ 14.

[¶ 15] WSI urges us to apply *Gronfur* to this case. WSI relies on its prior final decision denying Houn disability benefits because he voluntarily left his employment with Bismarck Lumber without medical authorization. WSI argues, because Houn has never returned to work and has never established a new wage, principles of res judicata and *Gronfur* preclude him from receiving disability benefits. WSI claims not applying *Gronfur* would create an unwarranted disparity in the treatment of claimants based on whether they initially received disability benefits following their work injury and would create two sets of rules for claimants.

[¶ 16] The plain language of N.D.C.C. § 65–05–08(1) applies to a reapplication for disability benefits "when disability benefits are discontinued." Although Houn had a previous claim for disability benefits denied, he never received disability benefits for his work-related injury. Houn's "reapplication" does not fit within the plain and unambiguous language of N.D.C.C. § 65–05–08(1), and the *Gronfur* line of cases. We therefore conclude N.D.C.C. § 65–05–08(1) does not control Houn's claim for disability benefits.

[¶ 17] WSI argues, even if N.D.C.C. § 65–05–08(1) and *Gronfur* do not apply to Houn, the "clear intent of the *Gronfur* line of cases is to require a claimant who returns to WSI after an earlier adjudication as to his entitlement to disability ben-

efits, and again requests disability benefits, to show that he has suffered an actual wage loss, as well as a change in condition." However, the majority opinion in *Gronfur,* 2003 ND 42, ¶ 14, 658 N.W.2d 337, clearly recognized the inconsistency between using "actual wage loss" and "loss of earnings capacity" and said the legislature nevertheless had made that choice for restarting previously discontinued disability benefits. WSI's reliance on the *Gronfur* line of cases is misplaced because Houn has not previously received disability benefits.

[¶ 18] We conclude WSI erred in applying N.D.C.C. § 65–05–08(1) to Houn's application for disability benefits. Moreover, the ALJ in this case determined Houn's compensable work injury had worsened, he would have permanent functional limitations as a result of that change in his medical condition, and he would not be able to work at jobs suitable to his skills, education, and work experience. In applying N.D.C.C. § 65–05–08(1) to Houn's claim, WSI did not adequately address those determinations by the ALJ. Under these circumstances, Houn's failure to appeal the initial denial of disability benefits does not limit our review. We conclude a remand is necessary for WSI to treat Houn's claim as an original application for disability benefits. *See* N.D.C.C. § 65–05–08(6), (7), and (8).

V

[¶ 19] We reverse and remand for proceedings consistent with this opinion.

[¶ 20] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.